Case No. 24-10962

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

CHAD LEWIS LANIER,

Plaintiff - Appellant,

vs.

WISE COUNTY; LANE AKIN, WISE COUNTY SHERIFF; WES WALLACE,

Defendants – Appellees.

---

Appeal from the United States District Court
Northern District of Texas, Fort Worth Division
Civil Action No. 4:23-CV-1241

---

**BRIEF OF APPELLANT CHAD LEWIS LANIER**

---

JASON SMITH
State Bar No. 00784999
LAW OFFICES OF JASON SMITH
612 Eighth Avenue
Fort Worth, Texas 76104
(817) 334-0880 telephone
(817) 334-0898 telecopier
e-mail: jasons@letsgotocourt.com
service email: courtfiling@letsgotocourt.com
ATTORNEYS FOR APPELLANT
CHAD LEWIS LANIER

JANUARY 22, 2025

ORAL ARGUMENT REQUESTED

# CERTIFICATE OF INTERESTED PERSONS

(1)    No. 24-10962, Lanier v. Wise County.

       USDC No. 4:23-CV-1241

(2)    The undersigned counsel of record certifies that the following listed persons
       and entities as described in the fourth sentence of FRAP Rule 28.2.1 have an
       interest in the outcome of this case. These representations are made in order
       that the judges of this court may evaluate possible disqualification or
       recusal.

       Chad Lewis Lanier
       Appellant

       Jason Smith
       Law Offices of Jason Smith
       612 Eighth Avenue
       Fort Worth, Texas 76104
       Attorneys for Appellant/Plaintiff

       Wise County
       Defendant

       Lane Akin, Wise County Sheriff
       Defendant

       Wes Wallace
       Defendant

       S. Cass Weiland
       Squire Patton Boggs
       2200 Ross Ave., Ste. 4100W
       Dallas, TX 75201
       Lead Attorney for Appellees/Defendants

       District Judge Reed O'Connor
       United States District Court
       501 West 10th Street, Room 201

Fort Worth, Texas 76102-3673
Judge presiding over district court case

Respectfully submitted,

/s/ JASON SMITH
JASON SMITH
State Bar No. 00784999
LAW OFFICES OF JASON SMITH
612 Eighth Avenue
Fort Worth, Texas 76104
(817) 334-0880 telephone
(817) 334-0898 telecopier
e-mail: jasons@letsgotocourt.com
service email: courtfiling@letsgotocourt.com
ATTORNEYS FOR APPELLANT
CHAD LEWIS LANIER

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument. Oral argument would be helpful in this case to allow a discussion about the sufficiency of Lanier's allegations of sexual harassment under federal law as well as the new, novel state law enacting Texas law set forth its more liberal standard of sexual harassment.

# TABLE OF CONTENTS

**PAGE:**

CERTIFICATE OF INTERESTED PERSONS ...........................................................i

STATEMENT REGARDING ORAL ARGUMENT ............................................ iii

TABLE OF CONTENTS ...................................................................................iv

TABLE OF AUTHORITIES ..............................................................................vi

JURISDICTIONAL STATEMENT......................................................................1

STATEMENT OF ISSUES ON APPEAL...............................................................1

STATEMENT OF THE CASE ..............................................................................2

SUMMARY OF ARGUMENT .............................................................................2

ARGUMENT ..................................................................................................3

I.   FACTS SET FORTH IN LANIER'S PLEADING ...........................................3

II.  STANDARD OF REVIEW .................................................................................5

III. LEGAL STANDARD FOR ANALYSIS OF MOTION TO DISMISS AND
     JUDGMENT ON THE PLEADINGS..................................................................6

IV.  LANIER HAS ADEQUATELY PLED A CLAIM FOR SAME SEX SEXUAL
     HARASSMENT UNDER TITLE VII ..............................................................9

  A. Prohibited discrimination includes the creation of a hostile work
     environment through sexual harassment which alters the compensation,
     terms, conditions or privileges of employment because of sex. ....................9

  B. Recent Supreme Court and Fifth Circuit authority holds sexual harassment
     does not need to be sufficiently "severe" or "pervasive" to qualify as
     actionable so long as the victim is merely worse off because of his sex. .....11

    1. Previous caselaw required harassment met a heightened severity or
       pervasiveness standard in order to be actionable. ....................................11

    2. Recent authority from the Supreme Court and Fifth Circuit does not
       require a showing of severe or heightened harm. ....................................11

  C. Lanier's allegations meet severe and pervasive standard and demonstrate that
     such harassmeent was because of sex ........................................................15

V.   IF SUMMARY JUDGMENT REVERSED ON TITLE VII CLAIM,
     DISMISSAL OF STATE LAW CLAIM SHOULD ALSO BE REVERSED 21

VI. DISTRICT COURT SHOULD HAVE REFRAINED FROM EXERCISING JURISDICTION OVER NOVEL ISSUES OF STATE LAW PRESENTED BY LANIER'S CLAIMS UNDER NEW TEXAS SEXUAL HARASSMENT LAW...............................................................................22

VII. LANIER SUFFICIENTLY PLED UNDER NEW TEXAS LAW THAT PROVIDES EVEN BROADERSEXUAL HARASSMENT PROTECTIONS.................................................................................29

VIII. ALTERNATIVELY, LANIER SHOULD BE GRANTED LEAVE TO AMEND .......................................................................................34

CONCLUSION AND PRAYER.........................................................................36

CERTIFICATE OF SERVICE.............................................................................37

CERTIFICATE OF COMPLIANCE ...................................................................38

# TABLE OF AUTHORITIES

## CASES

*Alexander v. Verizon Wireless Servs., L.L.C.*,
   875 F.3d 243 (5th Cir. 2017)..............................................................8

*Arbaugh v. Y&H Corp.*,
   546 U.S. 500 (2006)........................................................................23

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..........................................................................6

*Bass v. Parkwood Hosp.*,
   180 F.3d 234 (5th Cir. 1999)...........................................................25

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................6

*Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*,
   869 F. 3d 381 (5th Cir. 2017)...........................................................6

*Bostock v. Clayton County*,
   590 U.S. 644 (2020)...................................................................11, 12

*Brookshire Bros. v. Dayco Products,*
   554 F.3d 595 (5th Cir. 2009)...........................................................23

*Brown-Steffes v. Avis Budge Grp., Inc.,*
   No. 3:23-CV-D, 2023 WL 6385610 (N.D. Tex. Sept. 29, 2023)...............26, 31

*Campbell v. Wells Fargo Bank, N.A.*,
   781 F.2d 440 (5th Cir. 1986).............................................................5

*Carnegie–Mellon Univ. v. Cohill,*
   484 U.S. 343, 108 S.Ct. 614 (1988)................................................23

*Cicalese v. Univ. of Tex. Med. Branch*,
   924 F.3d 762 (5th Cir. 2019).........................................................6, 7

*Collins v. Morgan Stanley Dean Witter*,
   224 F. 3d 496 (5th Cir. 2000)...........................................................8

*Doe v. Covington Cty. Sch. Dist.*,
   675 F. 3d 849 (5th Cir. 2012).............................................................6

*E.E.O.C. v. WC & M Enters., Inc.*,
   496 F.3d 393 (5th Cir. 2007)...........................................................11

*EEOC v. Boh Bros. Const. Co., LLC*,
   731 F.3d 444 (5th Cir. 2013).............................................................9

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*,
   313 F. 3d 305 (5th Cir. 2002).......................................................8, 34

*Hamilton v. Dallas Cnty.*,
   79 F.4th 494 (5th Cir. 2023)......................................................13, 14

*Harris v. Forklift Systems, Inc.*,
    510 U.S. 17 (1993) ........................................................10, 15, 16, 19
*Hicks v. Austin Indep. Sch. Dist.*,
    564 F. App'x 747 (5th Cir. 2014) ....................................................23
*Hines v. Wainwright*,
    539 F.2d 433 (5th Cir. 1976) ...........................................................34
*Hitt v. City of Pasadena*,
    561 F.2d 606 (5th Cir. 1977)............................................................34
*In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*,
    997 F. Supp. 2d 526 (N.D. Tex. 2014)............................................34
*Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*,
    920 F.3d 890 (5th Cir. 2019)..................................................5, 28, 32
*Jimenez v. Quarterman*,
    555 U.S. 113, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009) ..................14
*Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rough Par.*,
    373 F. App'x 438 (5th Cir. 2010) ...............................................24, 25
*La Day v. Catalyst Tech., Inc.*,
    302 F.3d 474 (5th Cir. 2002)..................................3, 15, 16, 17, 19, 20
*Lanier v. Wise Cnty.*,
    No. 4:23-CV-01241-O, 2024 WL 4536468 (N.D. Tex. Oct. 21, 2024)....2, 9, 18,
    22
*Lewis v. Fresne*,
    252 F.3d 352 (5th Cir. 2001)...................................................5, 28, 32
*Love v. Motiva Enterprises LLC*,
    349 F. App'x 900 (5th Cir. 2009) ....................................................17
*Meritor Savings Bank, FSB v. Vinson*,
    477 U.S. 57 (1986) ..................................................................10, 19
*Moore v. Greater Houston Transportation Co.*,
    No. CV H-21-1679, 2022 WL 2334053 (S.D. Tex. June 13, 2022), *report and
    recommendation adopted,* No. CV H-21-1679, 2022 WL 2317272 (S.D. Tex.
    June 28, 2022), *aff'd sub nom.*............................................................23
*Moore v. Metro. Transit Auth. of Harris Cnty. Texas*,
    No. 22-20346, 2023 WL 2263024 (5th Cir. Feb. 28, 2023) .............23
*Muldrow v. City of St. Louis, Missouri*,
    144 S. Ct. 967 (2024) ..............................................11, 12, 13, 14, 15
*Oncale v. Sundowner Offshore Servs., Inc.*
    523 U.S. 75 (1998) ..............................................10, 16, 17, 18, 21
*Parker v. Allstate Ins. Co.*,
    No. 3:16-CV-00892-CWR-FKB, 2017 WL 4287912 (S.D. Miss. Sept. 27,
    2017) ........................................................................................34, 35

*Quinonez v. Perez*,
    712 F.Supp. 3d 879 (W.D. Tex. 2024)............................................................25
*Ramming v. United States*,
    281 F.3d 158 (5th Cir. 2001)....................................................................34
*Rockwell Int'l Corp. v. United States*,
    549 U.S. 457, 127 S.Ct. 1397, 167 L.Ed.2d 190 (2007) ......................23
*Royal Canin U. S. A., Inc. v. Wullschleger*,
    No. 23-677, 2025 WL 96212 (U.S. Jan. 15, 2025) ..............................24
*Russell v. Univ. of Tex. of Permian Basin*,
    234 Fed. Appx. 195 (5th Cir. 2007) ....................................................19
*Saketkoo v. Administrators of the Tulane Educational Fund*,
    31 F.4th 990 (5th Cir. 2022)...................................................................16
*Salahuddin v. Cumo*,
    861 F. 3d 40 (2nd Cir. 1988) ..................................................................8
*Scott v. United States Bank Nat'l Ass'n*,
    16 F. 44th 1204 (5th Cir. 2021) ..............................................................7
*Septimus v. The University of Houston*,
    399 F.3d 601 (5th Cir. 2005) ................................................................16
*Settlement Funding, L.L.C. v. Rapid Settlements, Ltd*,
    851 F.3d 530 (5th Cir. 2017)................................................................22
*Sigel v. BWAY Corporation d/b/a Mauser Packaging Solutions*,
    No. CV H-24-0411, 2024 WL 1639916 (S.D. Tex. Apr. 12, 2024) .3, 20, 25, 28,
    32, 33
*Soaring Wind Energy, L.L.C. v. Catic USA Inc.*,
    946 F.3d 742 (5th Cir. 2020)................................................................23
*Sprague v. Dept. of Family and Protective Servs.*,
    547 F. App'x 507 (5th Cir. 2013) ........................................................25
*Swierkiewicz v. Sorema N. A.*,
    534 U.S. 506, 122 S. Ct. 992, 152 L.Ed. 2d 1 (2002) ..........................6
*U.S. ex rel. Steury v. Cardinal Health, Inc.*,.
    625 F.3d 262 (5th Cir. 2010)................................................................34
*Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*,
    666 F.3d 932 (5th Cir. 2012)................................................................22
*Woods v. Delta Beverage Grp., Inc.*,
    274 F.3d 295 (5th Cir. 2001)................................................................16

**STATUTES**

28 U.S.C. § 1291 .......................................................................................1
28 U.S.C. § 1294 .......................................................................................1
28 U.S.C. § 1367 ....................................................................................3, 23

28 U.S.C. § 1367(a)............................................................24
42 U.S.C. §2000e-2.............................................................5
42 U.S.C. §2000e-2(a)(1)...................................................10, 19
Fed. R. App. P. 28.2.1..........................................................i
Fed. R. App. P. 32(a)(5).......................................................38
Fed. R. App. P. 32(a)(6).......................................................38
Fed. R. App. P. 32(a)(7)(B)....................................................38
Fed. R. App. P. 32(a)(7)(B)(iii)...............................................38
Fed. R. Civ. P. 8(a)(2).......................................................6, 8
Fed. R. Civ. P. 12(b)(6)...............................................2, 5, 7, 8
Fed. R. Civ. P. 12(c)..........................................................34
Fed. R. Civ. P. 12(h)(3).......................................................22
Tex. Lab. Code § 21.051......................................................5, 29
Tex. Lab. Code § 21.051(1).....................................................30
Tex. Lab. Code § 21.141..............................3, 5, 25, 27, 29, 30, 31, 35
Tex. Lab. Code  § 21.141(2)...........................3,25, 26, 27, 31, 32
Tex. Lab. Code § 21.141(2)(C)............................................28, 31, 33
Tex. Lab. Code § 21.141(2)(D).......................................26, 28, 31, 33

# JURISDICTIONAL STATEMENT

The Fifth Circuit has jurisdiction to review the final decision by the District Court in this case. 28 U.S.C. §§ 1291, 1294.

Opinion and Order issued on October 21, 2024. Final Judgment was entered on October 21, 2024.  Notice of Appeal filed on October 25, 2024.

# STATEMENT OF ISSUES ON APPEAL

1. Whether the District Court erred by concluding that Lanier's pleadings failed to state a claim for sexual harassment under Title VII and state law.

2. Whether the District Court erred, after dismissing Lanier's claims under Title VII, by exercising jurisdiction over novel issues of state law raised by Lanier's sexual harassment claims under Texas' new sexual harassment statute.

3. Whether the District Court erred by concluding that Lanier's pleadings failed to state a claim under the new Texas sexual harassment statute.

4. Whether the District Court erred by refusing to allow Lanier to amend his complaint.

## STATEMENT OF THE CASE

Lanier filed suit against Defendants asserting he had been subjected to sexual harassment and constructively discharged under both federal and the new Texas sexual harassment law. ROA.6-11.

Defendants filed a 12(b)(6) motion. ROA.23-38. On October 21, 2024, the District Court granted dismissal of Lanier's complaint. ROA.224-233.

The District Court held:

> In sum, Plaintiff fails to allege that he was the subject of harassment as a result of his sex. Therefore, the Court does not reach whether he meets the requirements to show a hostile work environment. But even if it did, while the "comments allegedly directed at [Plaintiff] were unquestionably offensive, boorish, and unwelcome," "[t]hat does not [...] mean that the so-called 'locker room' talk at issue passes the high bar required to establish an actionable hostile-work-environment claim."

*Lanier v. Wise Cnty.*, No. 4:23-CV-01241-O, 2024 WL 4536468, at *3 (N.D. Tex. Oct. 21, 2024).[1] The District Court also dismissed Lanier's sexual harassment claims brought under state law.[2]

## SUMMARY OF ARGUMENT

A long time sheriff's deputy brought suit alleging sexual harassment.

---

[1] The District Court did not reach Defendants grounds for a dismissal claim that Lanier did not plead sufficient facts that Defendant Akin is an employer for purposes of Lanier's Title VII claim.

[2] The District Court also ruled against Lanier on his constructive discharge and retaliation claims. Lanier does not challenge these ruling on appeal.

Lanier adequately pled claim for same sex sexual harassment under Title VII, either under recent Supreme Court rulings or older Fifth Circuit case law. *La Day v. Catalyst Tech., Inc.*, 302 F.3d 474, 479 (5th Cir. 2002).

If the Court holds that Lanier failed to state a federal claim for sexual harassment, then the Court should hold that the District Court should not have exercised jurisdiction over Lanier's novel state law claims under Texas' new sexual harassment statute. 28 U.S.C. § 1367; Tex. Lab. Code § 21.141.

If the Court reaches Lanier's state law claim, Lanier adequately pled claim for same sex sexual harassment under the TCHRA. *Tex. Lab. Code* § 21.141(2); *Sigel v. BWAY* Corporation *d/b/a Mauser Packaging Solutions*, No. CV H-24-0411, 2024 WL 1639916, at *8 (S.D. Tex. Apr. 12, 2024).

Finaly, if the Court determines that Lanier has failed to plead a federal or state law sexual harassment claim, Lanier should be given an opportunity to replead.

**ARGUMENT**

**I.**

**FACTS SET FORTH IN LANIER'S PLEADING**

Lanier's constructive discharge cost Lanier 7 more years of service that would have given him 30 years' service and a much greater retirement benefit. ROA.8.

Lanier pled "[o]ver an eighteen month period, Lanier was subjected to repeated, explicit and unwanted sexual comments from his supervisor Defendant Wes Wallace who as a Captain and one of Lanier's supervisors on a continuous basis." ROA.7. Examples include Defendant Wallace repeatedly telling Lanier to perform oral sex on Chief Deputy Craig Johnson to get him in a better mood, repeated calling Lanier a 'cum guzzler,' referring to Lanier as his lover and other unwanted sexual comments." ROA.7.

Lanier further pled: "Plaintiff would show that the actions of the Defendants and its agents described above were sexually offensive, unwelcomed, and altered the terms and conditions of the workplace, creating a sexually hostile work environment." ROA.7.

On January 4, 2022, Lanier complained to Defendant Wise County about sexual harassment. ROA.7.

Defendant Sheriff Akin immediately became upset with Lanier. ROA.7.

Defendants determined that Defendant Wallace repeatedly subjected Lanier to unwanted sexual comments in the workplace. ROA.7.

Defendants failed to take appropriate action. ROA.7.

Defendant Wise County constructively discharged Lanier. ROA.8.

On January 10, 2022, Lanier was told he would have to continue working under Captain Wallace. ROA.8. Lanier chose to retire instead of being forced to

work under Captain Wallace, who should have been terminated or removed from supervision. ROA.8.

In addition, Lanier pled the following causes of action:

15.     Plaintiff was subjected to sexual harassment/sex discrimination by Defendants Wise County and Sheriff Akin in violation of 42 U.S.C. § 2000-e2. (Title VII) and Section 21.051 of the Texas Labor Code.

16.     Plaintiff was subjected to sexual harassment by Defendant Wes Wallace in violation of Section 21.051 of the Texas Labor Code and thus, Wes Wallace is individually liable for his sexual harassment of Plaintiff from September 1, 2021 to January 4, 2022 pursuant to Section 21.141 of the Texas Labor Code.

ROA.8.

## II.

## STANDARD OF REVIEW

"In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)).

# III.

## LEGAL STANDARD FOR ANALYSIS OF MOTION TO DISMISS AND JUDGMENT ON THE PLEADINGS

Rule 8(a) requires a short and plain statement that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). In pleading, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This Court's task is to determine whether Lanier has stated a legally cognizable claim that is plausible, not to evaluate his likelihood of success. *Doe v. Covington Cty. Sch. Dist.*, 675 F. 3d 849, 854 (5th Cir. 2012); See also *Body by Cook, Inc. v. State Farm Mut. Auto. Ins*., 869 F. 3d 381, 385 (5th Cir. 2017).

Courts also must not confuse the plausibility pleading standard of *Twombly* and *Iqbal*, with the *McDonnell Douglas* evidentiary standard applicable at later stages of the proceedings. *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 510, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002). Indeed, a plaintiff in an employment case is not required to plead all elements of a prima facie case. *Id.*

In 2019, in the case *Cicalese v. Univ. of Tex. Med. Branch*, the Fifth Circuit held:

> Under the *Twombly/Iqbal* pleading standard, a complaint must "state a
> claim to relief that is plausible on its face.'" . . . This differs, of
> course, from the *McDonnell Douglas* standard, which "established an
> allocation of the burden of production and an order for the
> presentation of proof in Title VII discriminatory-treatment cases."
> Appellants are right, as the district court acknowledged, that the
> Supreme Court has distinguished the McDonnell Douglas evidentiary
> standard from pleading requirements. Accordingly, "a plaintiff need
> not make out a prima facie case of discrimination [under McDonnell
> Douglas] in order to survive a Rule 12(b)(6) motion to dismiss for
> failure to state a claim." A district court therefore errs by requiring "a
> *showing* of each prong of the prima facie test for disparate treatment
> at the pleading stage[.]"

*Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (citations

omitted) (emphasis added).

In *Cicalese,* the Fifth Circuit rejected the lower court's attempt to heighten

the pleading standard by subjecting the plaintiff's allegations to a rigorous factual

and evidentiary analysis, a standard to which it referred as "inappropriate" at this

stage. *Id.* at 767. The correct standard, as confirmed in *Cicalese*, is that at this

stage of the proceedings, a plaintiff need only plausibly allege facts going to the

ultimate elements of the claim to survive a motion to dismiss. *Id.* Lanier is not

required to create a presumption of retaliation by making out a prima facie case as

required by the *McDonnell Douglas* framework applicable at a later stage of the

proceedings. *Id. See also, Scott v. United States Bank Nat'l Ass'n*, 16 F. 44th 1204

(5th Cir. 2021) (reversing the lower court's 12(b)(6) dismissal because the Court

utilized the *McDonnell Douglas* framework in dismissing the plaintiff's retaliation

claim and erred in determining the plaintiff had not successfully plead facts that would support a reasonable belief that discrimination occurred).

When considering a motion under Rule 12, pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are not any disputed issues of fact and only questions of law remain. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F. 3d 305, 312 (5th Cir. 2002).  Similarly, dismissal pursuant to Rule 12(b)(6) is strongly disfavored in light of the liberal pleading policies of the federal rules. *Collins v. Morgan Stanley Dean Witter*, 224 F. 3d 496, 498 (5th Cir. 2000).  The Fifth Circuit has stated, "[w]e will not affirm dismissal of a claim unless Plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 249 (5th Cir. 2017).

A pleading that states a claim for relief must contain merely a plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Dismissal for failure to comply with this provision of the Rules is usually reserved for cases in which the complaint is so confusing, ambiguous, vague, or otherwise unintelligible that its true substance is well disguised. *Salahuddin v. Cumo*, 861 F. 3d 40, 42 (2nd Cir. 1988).

## IV.

## LANIER HAS ADEQUATELY PLED A CLAIM FOR SAME SEX SEXUAL HARASSMENT UNDER TITLE VII

The District Court held that Lanier failed to allege that he was sexually harassed because of his sex. *Lanier v. Wise Cnty.*, No. 4:23-CV-01241-O, 2024 WL 4536468, at *3 (N.D. Tex. Oct. 21, 2024).

Deputy Lanier adequately pled a cause of action for same sex sexual harassment under federal law.

Title VII prohibits sexual harassment as a form of employment discrimination. *EEOC v. Boh Bros. Const. Co., LLC*, 731 F.3d 444, 453 (5th Cir. 2013) (en banc) ("There are two types of sexual harassment under Title VII: quid-pro-quo and hostile-environment harassment.").

The District Court's ruling ignores recent developments in the law.

### A. Prohibited discrimination includes the creation of a hostile work environment through sexual harassment which alters the compensation, terms, conditions or privileges of employment because of sex.

While the District Court stated it was not reaching the issue whether the sexual harassment was sever and pervasive, it then said Lanier's allegations did not rise to the level of an actionable sexual harassment claim.

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's. . . sex." 42 U.S.C. §2000e-2(a)(1).

It is settled law that the creation of a hostile work environment through harassment is a form of prohibited discrimination when the harassment "alter[s] the conditions of the victim's employment." *Oncale v. Sundowner Offshore Servs., Inc* 523 U.S. 75, 78 (1998)(quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)). This comports with the statutory language prohibiting discrimination "with respect to" or "in connection with" the "compensation, terms, conditions, or privileges of employment". 42 U.S.C. §2000e-2(a)(1). This statutory language "evinces a ***congressional intent to strike at the entire spectrum*** of disparate treatment of men and women in employment." *Oncale,* 523 U.S. at 78 (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986)) (emphasis added).

Defendant Wallace's unwanted sexually explicit comment meet the "severe or pervasive standard asserted by Defendants. However, the Supreme Court, the Fifth Circuit and the Texas Legislature have signaled that "severe and pervasive" is no longer the standard for establishing actionable sexual harassment.

**B. Recent Supreme Court and Fifth Circuit authority holds sexual harassment does not need to be sufficiently "severe" or "pervasive" to qualify as actionable so long as the victim is merely worse off because of his sex.**

**1. Previous caselaw required harassment met a heightened severity or pervasiveness standard in order to be actionable.**

When analyzing discrimination claims based on sexual harassment, courts previously focused their analysis on whether the harm to the conditions of the victim's employment was sufficiently severe or pervasive to be actionable under Title VII. *See E.E.O.C. v. WC & M Enters., Inc.*, 496 F.3d 393, 399 (5th Cir. 2007). In other words, an action could constitute sexual harassment, and alter the conditions of the victim's employment, but would not be actionable as discrimination unless the harassment met a heightened severity or pervasiveness standard.

**2. Recent authority from the Supreme Court and Fifth Circuit does not require a showing of severe or heightened harm.**

The Supreme Court recently reviewed Title VII and the severity of harm required in order to show a discriminate act alter the conditions of the victim's employment. *Muldrow v. City of St. Louis, Missouri*, 144 S. Ct. 967, 974 (2024). Basing the opinion on the statutory text, the Supreme Court stated that "[t]he words 'discriminate against,' we have explained, refer to differences in treatment that injure employees." *Muldrow v. City of St. Louis, Missouri*, 144 S. Ct. 967, 974 (2024)(quoting *Bostock v. Clayton County*, 590 U.S. 644, 681 (2020), internal

quotation marks omitted). Phrased differently, "the statute targets practices that treat a person worse because of sex or other protected trait." *Muldrow v. City of St. Louis, Missouri*, 144 S. Ct. 967, 974 (2024). (quoting *Bostock*, 590 U.S. at 658, internal quotation marks omitted).

The Supreme Court specifically held that, "according to the relevant text", a Title VII plaintiff-employee does not have to show "that the harm incurred was significant[, ...] serious, or substantial, or any similar adjective suggesting that the disadvantage to the employee must exceed a heightened bar." *Muldrow v. City of St. Louis, Missouri*, 144 S. Ct. 967, 974 (2024)(citation omitted). Under the statute, "'[d]iscriminate against' means treat worse, here based on sex." *Muldrow v. City of St. Louis, Missouri*, 144 S. Ct. 967, 975 (2024). Adding an additional requirement that the mistreatment be sufficiently severe or pervasive, before Title VII applies, "is to add words-and significant words, as it were-to the statute Congress enacted." *Muldrow v. City of St. Louis, Missouri*, 144 S. Ct. 967, 975 (2024).

The Supreme Court went on to criticize prior cases where courts rejected Title VII claims for discrimination, which altered the conditions of the victims' employment, but had not been considered sufficiently severe and "were rejected solely because courts *rewrote* Title VII, compelling workers to make a showing that the statutory text does not require." *Muldrow*, No. 22-193, at *10. **Title VII "flatly prevents injury to individuals based on status, without distinguishing**

**between significant and less significant harms."** *Muldrow v. City of St. Louis, Missouri*, 144 S. Ct. 967, 978 (2024). (internal citation omitted). The **Title VII plaintiff "need show only some injury respecting her employment terms or conditions",** *i.e.*, **the discriminatory conduct "must have left her worse off, but need not have left her** significantly so." *Muldrow v. City of St. Louis, Missouri*, 144 S. Ct. 967, 974 (2024).

In a concurring opinion, Justice Kavanaugh elaborated on what "harms" constitute an actionable "injury", stating "the text of Title VII does not require a separate showing of some harm. The discrimination is harm." *Muldrow v. City of St. Louis, Missouri*, 144 S. Ct. 967, 980 (2024)(Kavanaugh, J., concurring) (emphasis added).

Recent caselaw from the Fifth Circuit shows the Fifth Circuit follows the same interpretation as the Supreme Court in adhering to the text of Title VII. *See Hamilton v. Dallas Cnty.*, 79 F.4th 494 (5th Cir. 2023). Specifically, the Fifth Circuit disavowed its prior caselaw that actionable adverse employment actions under Title VII were limited to "ultimate employment decisions" such as a termination. *Hamilton*, 79 F.4th at 499-501. Like the Supreme Court's analysis in *Muldrow*, the Fifth Circuit based its decision on the Title VII text. *Hamilton*, 79 F.4th at 499 ("As with any question of statutory interpretation, our analysis begins

with the plain language of the statute.") (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 118, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009)).

A court would be hard pressed to find a discriminatory act which alters the conditions under which an employee works more than subjecting the employee to sexual harassment. There can be no doubt that an employee who goes to a workplace only to face sexual harassment in the workplace is "worse off" due to the sexual harassment and labors under working conditions altered by the sexual harassment. *Muldrow*, No. 22-193, at *12-13.

This discriminatory conduct is all the employee needs to show to assert a claim because Title VII does not require the employee to "distinguish[] between significant and less significant harms". *Muldrow*, No. 22-193, at *12. The same holds true for TCHRA. *Hamilton*, 79 F.4th at 498, 506 n. 67.

Under this recent precedent from the Supreme Court and Fifth Circuit, it is now inappropriate for a court to evaluate sexual harassment to determine whether the harassment was sufficiently "severe" or "pervasive" to qualify as actionable under Title VII or TCHRA. *Muldrow*, No. 22-193, at *12; *Hamilton*, 79 F.4th at 498, 506 n. 67. All that is required is that the discriminatory conduct "must have left [the plaintiff] worse off, but need not have left her significantly so." *Muldrow*, No. 22-193, at *13.

Sexual harassment clearly leaves the victim "worse off" and laboring under conditions altered by the sexual harassment. In the words of Justice Kavanaugh, "the text of Title VII does not require a separate showing of some harm. The discrimination [*i.e.*, sexual harassment]*is* harm." *Muldrow*, No. 22-193, at *21 (Kavanaugh, J., concurring) (emphasis added).

Lanier pled facts that demonstrate facts that show some injury respecting his employment terms or conditions because of his sex. *Muldrow v. City of St. Louis, Missouri*, 144 S. Ct. 967, 974 (2024).

Accordingly, the District Court erred in dismissing Lanier's sexual harassment claim brought under Title VII.

## C. Lanier's allegations meet severe and pervasive standard and demonstrate that such harassment was because of sex.

The question is whether reasonable people could differ about whether conduct was sufficiently severe or pervasive enough to create a hostile work environment. *See La Day v. Catalyst Technology, Inc.*, 302 F.3d 474, 483 (5th Cir. 2002) (reversing summary judgment on sex-based harassment claim: '[T]o survive summary judgment on a hostile environment claim, a plaintiff need only show that the harasser's conduct was 'severe or pervasive.' . . . He does not have to prove both."). Courts look to the totality of the circumstances [i.e., without balkanization of each piece] – and context matters. *See Harris v. Forklift Sys., Inc.,* 510 U.S. 17,

23 (1993) ("whether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances."); *see also Oncale v. Sun-downer Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998).

An employee who brings a hostile work environment claim must show that **(1)**[he] belongs to a protected class; **(2)** [he] was subjected to harassment; **(3)** the harassment was based on sex; **(4)** the harassment affected a term, condition, or privilege of employment; and **(5)** the employer knew or should have known of the harassment **and** failed to take remedial action. *Saketkoo v. Administrators of the Tulane Educational Fund*, 31 F.4th 990, 1003 (5th Cir. 2022) (citing *Septimus v. The University of Houston*, 399 F.3d 601, 611 (5th Cir. 2005); *see, e.g., Woods v. Delta Beverage Grp., Inc.*, 274 F.3d 295, 298 (5th Cir. 2001) (discussing the same).

In *Oncale*, the Supreme Court recognized same-sex sexual harassment claims under Title VII. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 79, 118 S. Ct. 998, 1002, 140 L. Ed. 2d 201 (1998).

In *La Day,* the Fifth Circuit wrote that the Supreme Court outlined three possible ways in which a plaintiff can show that an incident of same-sex harassment constitutes sex discrimination.[3] *La Day v. Catalyst Tech., Inc.*, 302

---

[3] In *La Day*, Judge Smith went on to observe "that It is not possible for us to specify all the possible ways in which a plaintiff might prove that an alleged harasser acted out of homosexual interest in him." *La Day v. Catalyst Tech., Inc.,* 302 F.3d 474, 480 (5th Cir. 2002).

F.3d 474, 478 (5th Cir. 2002). First, he can show that the alleged harasser made "explicit or implicit proposals of sexual activity" and provide "credible evidence that the harasser was homosexual."[4] *Oncale* at 80., 118 S.Ct. 998. Second, he can demonstrate that the harasser was "motivated by general hostility to the presence of [members of the same sex] in the workplace." *Id.* Third, he may "offer direct, comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace." *Id.*

However, the court in *Oncale*, contrary to the Fifth Circuit's suggestion in *La Day*, offered these as examples of how to prove same sex sexual harassment rather than as an exhaustive list of the ways an employee could prove same sex sexual harassment. *Oncale*, 523 U.S. at 81. "Whatever evidentiary route the plaintiff chooses to follow, he or she must always prove that the conduct at issue

---

[4] In *La Day,* the Fifth Circuit held that a plaintiff in a same-sex sexual harassment case may establish discrimination because of sex by showing: (1) "the alleged harasser made 'explicit or implicit proposals of sexual activity' and provid[ing] 'credible evidence that the harasser was homosexual;' " (2) "the harasser was 'motivated by general hostility to the presence of [members of the same sex] in the workplace;' " or (3) " 'direct, comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace.'" *La Day,* 302 F.3d at 478; *Love v. Motiva Enterprises LLC*, 349 F. App'x 900, 902 (5th Cir. 2009). In light of the Supreme Court and Fifth Circuit's recent decisions about "sex discrimination" call into question that the Fifth requirement that one of the only ways same sex sexual harassment be supported by evidence that the harasser was homosexual and that requirement should be discarded.

Even if the homosexual harasser requirement remains, Lanier's pleadings reveal Defendant Wallace making repeated explicit comments about gay sex that one could reasonably infer that Defendant Wallace was motivated by homosexual proclivities.

was not merely tinged with offensive sexual connotations, but actually constituted

"*discrimina[tion]* ... because of ... sex." *Id.*

The District Court wrote in this case:

Thus, absent *evidence* that Defendant Wallace committed sexual acts or physically made advances, the Court cannot reasonably infer that Defendant Wallace's harassment was motivated by same-sex attraction, as opposed to an impulse to engage in ordinary, albeit vulgar and offensive, locker-room talk. Even taking as true the fact that Defendant Wallace referred to Plaintiff as his lover, there is no evidence of any sexual *conduct*, only vulgar language. Without this evidence, the most reasonable inference given the social context (a presumably male-dominated sheriff's office) is that Defendant "was simply trying to humiliate [Plaintiff] for reasons unrelated to any sexual interest."

*Lanier v. Wise Cnty.*, No. 4:23-CV-01241-O, 2024 WL 4536468, at *3 (N.D. Tex. Oct. 21, 2024).

First, at the Motion to Dismiss stage, Lanier is not required to present "evidence" as suggested by the District Court. Rather, Lanier's pleading are only required to show fair notice of his claims. Thus, the District Court's analysis misapprehends the nature of the inquiry to analyze the sufficiency of Lanier's pleadings rather than under a different standard required for analyzing evidence at the summary judgment stage.

The Fifth Circuit has previously held that graphic comments about homosexual conduct to the comments made by Defendant Wallace's in this case supported a jury verdict finding same sex sexual harassment requiring reversal of

summary judgment. *La Day v. Catalyst Tech., Inc.*, 302 F.3d 474, 479 (5th Cir. 2002).

In *La Day*, Judge Smith noted:

> There is evidence in the record suggesting that Jemison's harassment of Shepherd was borne of sexual attraction. Recall that the alleged harassment began with Jemison remarking a number of times that Shepherd was a "handsome young man." Subsequently, in one of the more graphic encounters between the two men, Jemison "rubbed himself into an erection" while Shepherd was laying on his stomach with cramps, and Jemison urged Shepherd to turn over, lest he "crawl up on top of [Shepherd] and fuck [him] in the ass." Jemison remarked to Shepherd another time that "[a] man can come if he's fucked in the ass." Finally, on the occasion that Shepherd came to work complaining of soreness, Jemison offered to make him feel better by giving him "a nice hot shower.
>
> Although none of these incidents necessarily proves that Jemison is gay, the connotations of sexual interest in Shepherd certainly suggest that Jemison might be sexually oriented toward members of the same sex."

*La Day v. Catalyst Tech., Inc.*, 302 F.3d 474, 479 (5th Cir. 2002).

> "It makes harassing conduct unlawful when it results in the employer 'discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.' " *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67 (1986 (quoting 42 U.S.C. § 2000e-2(a)(1) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-23 (1993).

*Russell v. Univ. of Tex. of Permian Basin*, 234 Fed. Appx. 195, 201 (5th Cir. 2007)

(citing *La Day v. Catalyst Tech., Inc.* 302 F.3d 474 (5th Cir. 2002)) (emphasis

added in bold and bold italics).

Lanier pled that on a continuous basis, Defendant Wallace made repeated, explicit comments detailing graphic homosexual sex and directing Lanier to engage in homosexual acts with other males ascribed to Defendant Wallace. ROA.7. While they may not prove that Defendant Wallace is gay, may fairly be inferred to express homosexual desires. Not only does Defendant Wallace make repeated comments about homosexual sex to Lanier, but he also suggests Lanier perform oral sex on another male. Certainly, these comments demonstrate that Defendant Wallace "might be sexually oriented toward members of the same sex." *La Day,* 302 F.3d at 479.

The allegations pled are evidence of severe or pervasive comments that created a sexually harassive environment referencing gay sex acts sufficient to allege harassment was because of sex. See *Sigel v. BWAY Corporation d/b/a Mausesr Packaging Solutions*, No. CV H-24-0411, 2024 WL 1639916, at *8 (S.D. Tex. Apr. 12, 2024).

At the pleading stage, the Court is to accept the allegations as true and indulge every reasonable inference of the pleader. Does the Court really believe these graphic statements regarding homosexual sex could not be evidence of a man who is interested in sex with other men?

Lanier could also choose another evidentiary route from that of homosexual motivation: "Whatever evidentiary route the plaintiff chooses to follow, he or she

must always prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted "*discrimina[tion]* ... because of ... sex." *Oncale*, 523 U.S. at 81. It may be reasonably inferred from Lanier's pleading that Defendant Wallace's comments that he chose to make these comments about gay sex knowing they would make Lanier uncomfortable as a man, without any prurient homosexual motivation. Indeed, repleading and/or discovery may reveal that Defendant Wallace only made such sexually explicit comments to men and not women, allowing the inference of sex discrimination.

Lanier's pleading establishes harassment was severe and pervasive because of sex.

Thus, Lanier's pleadings are adequate to provide Defendants fair notice of his same sex sexual harassment claims under Title VII.

Accordingly, the Court should reverse and remand Lanier's federal law sexual harassment claims.

## V.

## IF SUMMARY JUDGMENT REVERSED ON TITLE VII CLAIM, DISMISSAL OF STATE LAW CLAIM SHOULD ALSO BE REVERSED

The District Court held that for the same reasons it was dismissing Lanier's sexual harassment claims under Title VII, it dismissed Lanier's sexual harassment

claims. *Lanier v. Wise Cnty.*, No. 4:23-CV-01241-O, 2024 WL 4536468, at \*3 (N.D. Tex. Oct. 21, 2024).

Accordingly, if the Court holds that Lanier sufficiently pled a same sex sexual harassment claim under Title VII, it should likewise hold that Lanier pled sufficient facts that Defendant Wallace was motivated by a sexual desire or otherwise subjected Lanier to harassment because of his sex.

## VI.

## DISTRICT COURT SHOULD HAVE REFRAINED FROM EXERCISING JURISDICTION OVER NOVEL ISSUES OF STATE LAW PRESENTED BY LANIER'S CLAIMS UNDER NEW TEXAS SEXUAL HARASSMENT LAW

If it is determined that the District Court properly dismissed Lanier's federal law claims, the District Court should decline to exercise jurisdiction over the novel issues of state law presented by Lanier's claims under new Texas sexual harassment law once the federal law claims are dismissed.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Settlement Funding, L.L.C. v. Rapid Settlements, Ltd*, 851 F.3d 530, 534 (5ᵗʰ Cir. 2017) (quoting *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 935 (5th Cir. 2012)) ("A lack of subject matter jurisdiction may be raised at any time and may be examined for the first time on appeal."). The district court has

"an independent obligation to determine whether subject-matter jurisdiction exists." *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). After a district dismisses federal claims that serve as a basis for jurisdiction, it should examine whether it still has supplemental jurisdiction over the state law claims. *Moore v. Greater Houston Transportation Co.*, No. CV H-21-1679, 2022 WL 2334053, at *3 (S.D. Tex. June 13, 2022), *report and recommendation adopted,* No. CV H-21-1679, 2022 WL 2317272 (S.D. Tex. June 28, 2022), *aff'd sub nom. Moore v. Metro. Transit Auth. of Harris Cnty. Texas*, No. 22-20346, 2023 WL 2263024 (5th Cir. Feb. 28, 2023)(dismissing state employment claims without prejudice after granting 12(b)(6) dismissal of federal employment claims).

If a party asserts pendent state law claims along with federal claims, a federal court may ordinarily exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367; *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–474, 127 S.Ct. 1397, 167 L.Ed.2d 190 (2007). However, the "general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Hicks v. Austin Indep. Sch. Dist.*, 564 F. App'x 747, 748 (5th Cir. 2014) citing *Brookshire Bros. v. Dayco Products,* 554 F.3d 595, 602 (5th Cir. 2009); *see also Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 351, 108 S.Ct. 614 (1988)("When the single federal-law

claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."). Indeed, a district court should refrain from exercising jurisdiction over state law discrimination claims when all federal claims have been dismissed. *Id.* (affirming dismissal of state law employment discrimination claims when all federal law claims are dismissed).

28 U.S.C. § 1367(a) "provides that a district court "may decline to exercise supplemental jurisdiction" in three specific situations: (1) if the supplemental claim "raises a novel or complex issue of State law"; (2) if the supplemental claim "substantially predominates" over the claims within the court's original jurisdiction; and (3) if the district court "has dismissed all claims over which it has original jurisdiction." "In all those contexts, federal law is not where the real action is. So although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court." *Royal Canin U. S. A., Inc. v. Wullschleger*, No. 23-677, 2025 WL 96212, at *5 (U.S. Jan. 15, 2025).

Most compelling factor in favor of refraining to exercise jurisdiction after dismissal of federal claims is the presence of a "novel and complex issue of state law". *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rough Par.*, 373 F. App'x 438,

442 (5th Cir. 2010)(Refraining from exercising jurisdiction over novel state law claims after court dismissed federal claims on summary judgment).

"[T]he dismissal of the pendent claims should expressly be *without* prejudice so that the plaintiff may refile his claims in the appropriate state court." *Sprague v. Dept. of Family and Protective Servs.*, 547 F. App'x 507, 509 (5th Cir. 2013)(quoting *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999)) (emphasis in original).

In his Original Complaint, Lanier asserted, and the parties argued, that Defendants subjected Lanier to sexual harassment and violated section 21.141 of the Texas Labor Code. ROA.7-8, 34-35, 91-93, 128-130.

Effective September 1, 2021, the Texas Legislature amended the Texas Labor Code expanding the definition of sexual harassment.[5] Tex. Lab. Code § 21.141. Section 21.141(2) defines sexual harassment as "(2) "Sexual harassment" means an unwelcome sexual advance, a request for a sexual favor, or any other verbal or physical conduct of a sexual nature if:

> (A) submission to the advance, request, or conduct is made a term or condition of an individual's employment, either explicitly or implicitly;

---

[5] Unlike sexual harassment claims brought under federal law, the new Texas sexual harassment law has also been interpreted by federal district courts as granting a cause of action for sexual harassment against the individual harasser. *Siegel v. BWAY Corp.*, No. CV H-24-0411, 2024 WL 1639916, at *9 (S.D. Tex. Apr. 12, 2024); *Quinonez v. Perez*, 712 F.Supp. 3d 879 (W.D. Tex. 2024).

(B) submission to or rejection of the advance, request, or conduct by an individual is used as the basis for a decision affecting the individual's employment;

(C) the advance, request, or conduct has the purpose or effect of unreasonably interfering with an individual's work performance; or

(D) the advance, request, or conduct has the purpose or effect of creating an intimidating, hostile, or offensive working environment.

Tex. Lab. Code § 21.141(2); *Brown-Steffes v. Avis Budget Grp., Inc.*, No. 3:23-CV-1747-D, 2023 WL 6386510, at *4 (N.D. Tex. Sept. 29, 2023).

A review of Westlaw reveals no Texas state court cases interpreting the new statute.

The text of the new statute arguably is broader in its protection and reveals a lower threshold to establish sexual harassment.

To wit, the new Texas statute does not include any requirement that an employee must show that such verbal conduct was "severe or pervasive" as has been required under Title VII.

Texas law has created a broader standard for sexual harassment than provided by federal law for sexual harassment and no longer requires any showing that conduct created was "severe or pervasive."

One basis for liability under the new Texas law requires an employee show the conduct created an offensive or intimidating (or hostile environment.) Tex. Lab. Code § 21.141(2)(D).

Moreover, under yet another alternative basis for liability, Lanier need only show that the verbal conduct unreasonably interfered with his work performance without a showing that it created a hostile, intimidating or offensive environment. Tex. Lab. Code § 21.141(2)(C).

The new Texas statute prohibits "verbal conduct of a sexual nature" that create a hostile, intimidating or offensive environment regardless of the sex of the harasser or the victim. Tex. Lab. Code § 21.141(2). Indeed, no language in the new Texas statute requires that liability can only attach when a homosexual harasses a person of the same sex. Rather, the new statute arguably prohibits "verbal conduct of a sexual nature" regardless of the sex of those who speak or hear such comments in the workplace. Tex. Lab. Code § 21.141(2).

Absent any federal claims, Texas judges are charged with the responsibility to interpret this novel Texas law and whether Lanier's allegations meet its requirements.

Lanier pled Defendant "Wallace is individually liable for his sexual harassment of Plaintiff from September 1, 2021 to January 4, 2022 pursuant to Section 21.141 of the Texas Labor Code." ROA.8. Thus, it could be reasonably inferred that Defendant Wallace made repeated, explicit comments about sexual acts on a continuous basis for over 4 months after the applicable date of the new Texas sexual harassment statute. ROA.7-8.

Lanier pled, or it can reasonably be inferred that Defendant Wallace made repeated, explicit comments on a continuous basis about gay sex acts made by Defendant Wallace. ROA.7. Lanier pled that this conduct was "sexually offensive" and "altered the terms and conditions of the workplace." ROA.8.

It can be reasonably inferred that such verbal conduct of a sexual nature created an intimidating or offensive environment, different from a hostile environment. Tex. Lab. Code § 21.141(2)(D).

It can be reasonably inferred that such verbal conduct of a sexual nature unreasonably interfered with Lanier's work performance. Tex. Lab. Code § 21.141(2)(C).

If the Court determines that Lanier failed to plead a same sex sexual harassment claim under Title VII, Lanier should be afforded the opportunity to present his arguments regarding this novel state law to a state court.

"[A]ny ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)); *Siegel v. BWAY Corp.*, No. CV H-24-0411, 2024 WL 1639916, at *9 (S.D. Tex. Apr. 12, 2024)(courts must resolve ambiguities or uncertainties in the new Texas sexual harassment statute in the plaintiff's favor).

As a matter of law, Lanier's sexual harassment claims against the Defendants under the new Texas sexual harassment laws are a novel issue of state law that should be dismissed without prejudice so that Lanier may refile such claims in state court.

Accordingly, the District Court should not have exercised jurisdiction over merits of Lanier's state law claims as they presented novel issues of state law and because it dismissed all claims over which it had original jurisdiction and, instead, Lanier's state law claims should have been dismissed for want of jurisdiction so that Lanier may refiled his state law claims in state court.

## VII.

### LANIER SUFFICIENTLY PLED UNDER NEW TEXAS LAW THAT PROVIDES EVEN BROADER SEXUAL HARASSMENT PROTECTIONS

If the Court determines that jurisdiction was properly exercised over Lanier's state law claims, Lanier's pleadings establish a sexual harassment claim under Texas' new sexual harassment law.[6]

Lanier pled and argued that Defendants subjected him to sexual harassment in violation of Texas Labor Code sections 21.051 and 21.141. ROA.7-8, 34-35, 91-93, 128-130.

---

[6] The District Court did not address Lanier's argument that he pled claims that satisfied the requirements of the new Texas sexual harassment statute, found at Section 21.141 of the Texas Labor Code.

Without addressing the new amendments to Texas law regarding sexual harassment claims found in Section 21.141 of the Texas Labor Code, the District Court dismissed Lanier's state law claims without addressing the different standard for sexual harassment claims under the new state statute. Because Lanier's state law claims were not a ground of dismissal asserted in Defendants motion to dismiss, such claims should not have been dismissed.

The Texas Commission on Human Rights Act ("TCHRA") states that "[a]n employer commits an unlawful employment practice if because of ... sex ... the employer ... discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment". Tex. Lab. Code § 21.051(1). The Texas Legislature recently amended Chapter 21 of the Texas Labor Code to provide a new, simple standard for sexual harassment.

Section 21.141 states as follows:

> Sec. 21.141. DEFINITIONS. In this subchapter:
> (1)    "Employer" means a person who:
>    (A)    employer one or more employees; or
>    (B)    acts directly in the interests of an employer in retaliation to an employee.
>
> (2)    "Sexual harassment" means an unwelcome sexual advance, a request for a sexual favor, or any other verbal or physical conduct of a sexual nature if:
>
> * * *

> (C)  the advance, request, or conduct has the purpose or effect of unreasonably interfering with the individual's work performance; or
>
> (D)  the advance, request, or conduct has the purpose or effect of creating an intimidating, hostile, or offensive working environment.

Tex. Lab. Code § 21.141(2); *Brown-Steffes v. Avis Budget Grp., Inc.*, No. 3:23-CV-1747-D, 2023 WL 6386510, at *4 (N.D. Tex. Sept. 29, 2023).

"Sexual harassment" encompasses an unwelcome sexual advance, a request for a sexual favor, or any other verbal or physical conduct of a sexual nature . . .." Tex. Lab Code § 21.141.

Texas law has created a broader standard for sexual harassment than provided by federal law for sexual harassment and no longer requires any showing that conduct created was "severe or pervasive."

One basis for liability under the new Texas law requires an employee show the conduct created an offensive or intimidating (or hostile environment.) Tex. Lab. Code § 21.141(2)(D).

Moreover, under yet another alternative basis for liability, Lanier need only show that the verbal conduct unreasonably interfered with his work performance without a showing that it created a hostile, intimidating or offensive environment. Tex. Lab. Code § 21.141(2)(C).

The new Texas statute prohibits "verbal conduct of a sexual nature" that create a hostile, intimidating or offensive environment regardless of the sex of the harasser or the victim. Tex. Lab. Code § 21.141(2). Indeed, no language in the new Texas statute requires that liability can only attach when a homosexual harasses a person of the same sex. Rather, the new statute arguably prohibits "verbal conduct of a sexual nature" regardless of the sex of those who speak or hear such comments in the workplace. Tex. Lab. Code § 21.141(2).

Again, "any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)); *Siegel v. BWAY Corp.*, No. CV H-24-0411, 2024 WL 1639916, at *9 (S.D. Tex. Apr. 12, 2024)(courts must resolve ambiguities or uncertainties in the new Texas sexual harassment statute in the plaintiff's favor).

Lanier's pleadings allege facts that far exceed these new more lenient standards.

Lanier pled Defendant "Wallace is individually liable for his sexual harassment of Plaintiff from September 1, 2021 to January 4, 2022 pursuant to Section 21.141 of the Texas Labor Code." ROA.8. Thus, it could be reasonably inferred that Defendant Wallace made repeated, explicit comments about sexual

acts on a continuous basis for over 4 months after the applicable date of the new Texas sexual harassment statute. ROA.7-8.

Lanier pled, or it can reasonably be inferred that Defendant Wallace the repeated, explicit comments on a continuous basis about gay sex acts made by Defendant Wallace. ROA.7. Lanier pled that this conduct was "sexually offensive" and "altered the terms and conditions of the workplace." ROA.8.

It can be reasonably inferred that such verbal conduct of a sexual nature created an intimidating or offensive environment, different from a hostile environment. Tex. Lab. Code § 21.141(2)(D).

Alternatively, it can be reasonably inferred that such verbal conduct of a sexual nature unreasonably interfered with Lanier's work performance. Tex. Lab. Code § 21.141(2)(C).

Accordingly, Lanier's pleadings can be reasonably read to contain factual and legal allegations that can be reasonably read to assert causes of action under the new Texas sexual harassment statute. *Siegel v. BWAY Corp.*, No. CV H-24-0411, 2024 WL 1639916, at *8 (S.D. Tex. Apr. 12, 2024)

Accordingly, the District Court's dismissal of Lanier's sexual harassment brought under the new Texas law should be reversed and the case remanded to the District Court.

# VIII.
## ALTERNATIVELY, LANIER SHOULD BE GRANTED
## LEAVE TO AMEND

Lanier requested the opportunity to amend his pleadings, which the District Court failed to address.

If the Court determines that his pleadings are deficient in any way, Lanier requests the opportunity to amend his pleadings at this early stage. In *U.S. ex rel. Steury v. Cardinal Health, Inc.,* 625 F.3d 262, 271 (5th Cir. 2010).

There is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). The Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"); *Parker v. Allstate Ins.*

*Co.*, No. 3:16-CV-00892-CWR-FKB, 2017 WL 4287912, at *1 (S.D. Miss. Sept. 27, 2017) ("It is well-established that plaintiffs who fail to meet their burden on a motion for judgment on the pleadings and yet may still have a viable avenue to recover should be granted leave to amend their complaint and make their best case."

Lanier could amend his pleadings expressly plead that Defendant Wise County also violated Section 21.141 of the Texas Labor Code, although such could be reasonably inferred from what Lanier already pled and argued. ROA.7-8, 34-35, 91-93, 128-130.

Also, Lanier could amend his pleading to expressly allege that Defendant Wallace did not make the same type of sexual comments to female employees of Defendants, although such could be reasonably inferred from what Lanier already pled. ROA.7-8

Finally, Lanier could amend his pleadings to allege that Defendant Wallace's comments indicated Defendant's homosexual tendencies, although such may be reasonably inferred from what Lanier already pled. ROA.7-8.

Accordingly, if the Court determines that Lanier's pleadings fail to adequately support any federal or state cause of action, then Lanier requests that the case be remanded to grant Lanier an opportunity to amend his pleadings.

## CONCLUSION AND PRAYER

Accordingly, Lanier prays that the Court reverse the District Court's dismissal of his Title VII and Texas law claim alleging same sex sexual harassment.

Alternatively, if the Court dismisses Title VII claims, Lanier prays that the Court hold that the District Court should not have exercised jurisdiction over merits of Lanier's state law claims as they presented novel issues of state law and because it dismissed all claims over which it had original jurisdiction and, instead, Lanier's state law claims should be dismissed for want of jurisdiction so that Lanier may refiled his state law claims in state court.

If the Court determines that the District Court properly reached Lanier's state law claims of sexual harassment under the new Texas sexual harassment statute, Lanier prays that this Court hold that Lanier pled sufficient facts to establish a sexual harassment claim under the new Texas statute.

Finally, if the Court determines that Lanier failed to plead sufficient facts to establish either his federal or state claims, then Lanier prays that the Court remand the case to District Court to allow Lanier an opportunity to amend his pleadings.

Respectfully submitted,


/s/ JASON SMITH
JASON SMITH
State Bar No. 00784999
LAW OFFICES OF JASON SMITH

612 Eighth Avenue
Fort Worth, Texas 76104
(817) 334-0880 telephone
(817) 334-0898 telecopier
e-mail: jasons@letsgotocourt.com
service email: courtfiling@letsgotocourt.com
ATTORNEYS FOR APPELLANT
CHAD LEWIS LANIER

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2025, I electronically filed the foregoing document with the clerk for the Court for the Fifth Circuit Court of Appeals, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means and pursuant to the Appellate Rules of Civil Procedure.

/s/ JASON SMITH
JASON SMITH
State Bar No. 00784999
LAW OFFICES OF JASON SMITH
612 Eighth Avenue
Fort Worth, Texas 76104
(817) 334-0880 telephone
(817) 334-0898 telecopier
e-mail: jasons@letsgotocourt.com
service email: courtfiling@letsgotocourt.com
ATTORNEYS FOR APPELLANT
CHAD LEWIS LANIER

# CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 8,010 words, excluding the parts exempted from brief requirements under Fed. R. App. P. 32(a)(7)(B)(iii). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Mac 2025 Version 16.93 in 14-point Times New Roman typeface.

Dated: January 22, 2025.

/s/ JASON SMITH
JASON SMITH
State Bar No. 00784999
LAW OFFICES OF JASON SMITH
612 Eighth Avenue
Fort Worth, Texas 76104
(817) 334-0880 telephone
(817) 334-0898 telecopier
e-mail: jasons@letsgotocourt.com
service email: courtfiling@letsgotocourt.com
ATTORNEYS FOR APPELLANT
CHAD LEWIS LANIER