# NO. 24-10962

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

CHAD LEWIS LANIER,

Plaintiff-Appellant,

v.

WISE COUNTY, LANE AKIN, WISE COUNTY SHERIFF,
AND WES WALLACE,

Defendants-Appellees.

On Appeal from
United States District Court for the Northern District of Texas
Civil Action No. 4:23-cv-1241-O

## APPELLEES' BRIEF

S. Cass Weiland
Texas State Bar No. 21081300
Melissa Legault
Arizona State Bar No. 034775
SQUIRE PATTON BOGGS (US) LLP
2200 Ross Avenue, Suite 4100W
Dallas, Texas 75201
Ph: (214) 758-1504
Fax: (214) 758-1550
cass.weiland@squirepb.com
melissa.legault@squirepb.com

COUNSEL FOR APPELLEES

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of Rule 28.2.1, have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

<u>**Plaintiff/Appellant**</u>:        Chad Lewis Lanier

<u>**Counsel for**</u>        Jason C.N. Smith, Esq.
<u>**Plaintiffs/Appellants**</u>:    Law Office of Jason Smith
612 Eighth Avenue
Fort Worth, Texas 76104
Ph.: (817) 334-0880
Fax: (817) 334-0898
jasons@letsgotocourt.com

<u>**Defendants/Appellees**</u>:    Wise County
Lane Akin, Wise County Sheriff
Wes Wallace

<u>**Counsel for**</u>        S. Cass Weiland
<u>**Defendants/Appellees**</u>:    Melissa Legault
SQUIRE PATTON BOGGS (US) LLP
2200 Ross Ave., Ste. 4100W
Dallas, Texas 75201
Ph: (214) 758-1504
Fax: (214) 758-1550
cass.weiland@squirepb.com
melissa.legault@squirepb.com

*s/ S. Cass Weiland*
S. Cass Weiland
*Counsel for Appellees*

**STATEMENT REGARDING ORAL ARGUMENT**

Pursuant to Fifth Circuit Rule 28.2.3, Appellees submit that because the dispositive issues in this appeal have been authoritatively decided by the district court and involve the application of well-established principles of law, oral argument is unnecessary to aid this Court's decisional process.

# TABLE OF CONTENTS

**Pages**

CERTIFICATE OF INTERESTED PERSONS ..........................................................i

STATEMENT REGARDING ORAL ARGUMENT ............................................. ii

TABLE OF CONTENTS.......................................................................... iii

TABLE OF AUTHORITIES ...................................................................v

STATEMENT OF ISSUES PRESENTED................................................1

STATEMENT OF CASE .......................................................................2

SUMMARY OF ARGUMENT ................................................................3

ARGUMENT ......................................................................................6

    I.      Standard of Review ................................................................6

    II.     Appellant Failed to State a Claim for Same-Sex Sexual Harassment Under Title VII .........................................................................7

          A.   The Complaint did not allege credible evidence that Captain Wallace is homosexual or that his alleged comments were motivated by a sexual attraction to Appellant .................................................8

          B.   Appellant did not allege that Captain Wallace was motivated by a general hostility to males or that he treated males differently than females .........................................................................10

          C.   The alleged conduct does not rise to the level of actionable hostile work environment harassment because it was neither severe nor pervasive .........................................................................11

          D.   Appellant completely misapprehends the "recent" case law upon which he relies ....................................................................15

III.   Appellant Failed to State a Claim for Sexual Harassment Under State Law And The District Court's Properly Exercised Jurisdiction ..............18

     A. The District Court did not err by exercising jurisdiction over Appellant's state law claims..................................................................19

     B. The District Court properly dismissed the § 21.051 claim against Wise County and Sheriff Akin .......................................................21

     C. The District Court properly dismissed the State claims against Defendant Wallace ...............................................................................22

IV.   The District Court Did Not Abuse Its Discretion in Denying Mr. Lanier's Request to Amend His Complaint............................................................25

CONCLUSION and PRAYER ................................................................................26

CERTIFICATE OF SERVICE ...............................................................................28

CERTIFICATE OF COMPLIANCE ......................................................................29

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

**Cases**

*Alamo Heights Indep. Sch. Dist. v. Clark*,
    544 S.W.3d 755 (Tex. 2018) ....................................................19, 21

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................6

*Auston v. Khiluv Logistics, LLC*,
    No. H-23-03060, 2024 WL 5047881 (S.D. Tex. Dec. 8, 2024)
    (Rosenthal, J.) ......................................................................20

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................6, 24

*City of Houston v. Carter*,
    No. 01-22-00453-CV, 2023 WL 3632788 (Tex. App.—Houston
    [1st Dist.] May 25, 2023, no pet.)......................................23

*City of San Antonio v. Cancel*,
    261 S.W.3d 778 (Tex. App.–Amarillo, 2008, pet. denied) ...............21

*Doe v. Covington Cty. Sch. Dist.*,
    675 F. 3d 849 (5th Cir. 2012) ...........................................6

*Edionwe v. Bailey*,
    860 F.3d 287 (5th Cir. 2017) ...........................................25

*EEOC v. Boh Bros. Const. Co., LLC*,
    731 F.3d 444 (5th Cir. 2013) (en banc) ..................................8, 10, 11

*Faragher v. City of Boca Raton*,
    524 U.S. 775 (1998)...........................................................11, 12

*Garcia v. Schwab*,
    967 S.W.2d 883 (Tex. App.—Corpus Christi–Edinburg 1998, no
    pet.) ........................................................................................................21

*Gibson v. Potter*,
    264 F. App'x 397 (5th Cir. 2008) (per curiam) ................................21

*Goldstein v. MCI WorldCom*,
    340 F.3d 238 (5th Cir. 2003) ............................................................26

*Green v. the City of Texas City*,
    No. 21-40727, 2022 WL 965053 (5th Cir. Mar. 30, 2022) (per
    curiam, unpublished) ........................................................................26

*Green v. Indus. Specialty Contractors, Inc.*,
    1 S.W.3d 126 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ..........21

*Hamilton v. Dallas Cnty.*,
    79 F.4th 494 (5th Cir. 2023) ....................................................4, 15, 18

*Hernandez v. Yellow Transp., Inc.*,
    670 F.3d 644, 650 (5th Cir. 2012) ....................................................20

*Hockman v. Westward Commc'ns, LLC*,
    407 F.3d 317 (5th Cir. 2004) ....................................................13, 21

*Husak v. Scott*,
    No. 3:22-CV-02729-E, 2023 WL 6340016 (N.D. Tex. Sept. 28,
    2023) (Brown, J.) ..............................................................................20

*La Day v. Catalyst Tech., Inc.*,
    302 F.3d 474, 478 (5th Cir. 2002) ................................7, 8, 9, 11, 12

*Lauderdale v. Tex. Dep't of Crim. Just., Institutional Div.*,
    512 F.3d 157 (5th Cir. 2007) ............................................................19

*Love v. Motiva Enters., LLC*,
    349 F. App'x 900 (5th Cir. 2009) ..........................................9, 13, 14

*Medina v. Ramsey Steel Co.*,
    238 F.3d 674 (5th Cir. 2001) ............................................................22

*Muldrow v. City of St. Louis, MO.*,
144 S. Ct. 967 (2024)...................................................4, 15, 16, 17, 18

*Oncale v. Sundowner Offshore Svcs., Inc.*,
523 U.S. 75 (1998)...................................................7, 8, 10, 12, 14

*Reed v. Neopost USA, Inc.*,
701 F.3d 434 (5th Cir. 2012) ...............................................19

*Rios v. City of Del Rio, Tex.*,
444 F.3d 417 (5th Cir. 2006) ................................................6

*Rosenblatt v. United Way of Greater Houston*,
607 F.3d 413 (5th Cir. 2010) ...............................................26

*Rosenzweig v. Azurix Corp.*,
332 F.3d 854 (5th Cir. 2003) ...............................................25

*Russell v. Univ. of Tex. of Permian Basin*,
234 F. App'x 195 (5th Cir. 2007) .......................................7, 12, 13

*Shackelford v. Deloitte & Touche*,
LLP, 190 F.3d 398, 404 at n.2 (5th Cir. 1999) ................................20

*Shepherd v. Comptroller of Pub. Accts. of State of Tex.*,
168 F.3d 871 (5th Cir. 1999) ...........................................14, 21

*Simmons v. Sabine River Auth. La.*,
732 F.3d 469 (5th Cir. 2013) ...............................................26

*Staller v. Serv. Corp. Int'l*,
No. 04-06-00212-CV, 2006 WL 3018039 (Tex. App.—San
Antonio Oct. 25, 2006, no pet.) (mem. op.)......................................21

*Williams v. Merck & Co.*,
381 F. App'x 438 (5th Cir. 2010) (per curiam) ................................22

*Winters v. Chubb & Son, Inc.*,
132 S.W.3d 568 (Tex. App.—Houston [14th Dist.] 2004, no pet.) .................22

*Winzer v. Kaufman Co.*,
916 F.3d (5th Cir. 2019) ...................................................25

*Zuniga v. City of Dallas, Tex.*,
   No. 3:23-cv-2308-D, 2024 WL 2734956 (N.D. Tex. May 28, 2024)
   (Fitzwater, J.) .......................................................................17, 18

**Statutes**

42 U. S. C. § 2000e–2(a)(1) ....................................................................16

TCHRA ...................................................... 1, 4, 5, 18, 19, 20, 21, 22, 23

2021 Tex. Gen. Laws 176 ........................................................................22

Tex. Lab. Code Ann. § 21.051..................................................18, 19, 21, 22

Tex. Lab. Code Ann. § 21.142..................................................19, 22, 23, 25

Texas Commission on Human Rights Act...................................................2

Texas Labor Code Chapter 21, a.k.a.........................................................2

**Other Authorities**

Act of May 14, 2021, 87th Leg., R.S., ch. 172, §§ 2-3...........................22

Fed. R. Civ. P. 15 ....................................................................................26

Fed. R. Civ. P. 15(a)(1)(B) and (2) .........................................................25

Fed. Rule Civ. Proc. 8(a)(2) ......................................................................6

Rule 12(b)(6)..............................................................................................6

**STATEMENT OF ISSUES PRESENTED**

1.  Whether the District Court was correct in concluding that Mr. Lanier's pleadings failed to state a claim for sexual harassment under Title VII.

2.  Whether the District Court properly exercised jurisdiction over Mr. Lanier's state law claims and was correct in concluding that Mr. Lanier's pleadings failed to state a claim for sexual harassment under the TCHRA.

3.  Whether the District Court abused its discretion in denying Mr. Lanier's request to amend his Complaint.

In or around December 2021, Chad Lanier ("Appellant" or "Lanier"), a career law enforcement officer, became the subject of an internal investigation in the Office of the Sheriff of Wise County, Texas, and he swiftly retired in early January 2022. As he left the office, he claimed he had been the victim of crude language emanating from his contemporary, Captain Wes Wallace. On December 13, 2023, Lanier filed a Complaint in the Northern District of Texas against Wise County, Sheriff Lane Akin, and Captain Wallace ("Appellees" or "Defendants"), alleging several federal and state claims, including same-sex sexual harassment under Title VII and Texas Labor Code Chapter 21, a.k.a. the Texas Commission on Human Rights Act ("TCHRA"), as well as constructive discharge and retaliation. ROA.6-11.[1]

Appellees filed a motion to dismiss, and after careful consideration, the District Court granted the motion and dismissed the case in its entirety with prejudice. ROA.224-234. In so holding, the District Court rejected Appellant's same-sex sexual harassment claims because he failed to allege that he was subjected to harassment because of his sex, and the allegations did not pass the high bar required to establish an actionable hostile work environment claim. Further, the District Court rejected Appellant's constructive discharge claim because he failed to

---

[1] The Record on Appeal is officially 24-10962.1 *et seq*. For convenience, Appellees have cited the Record simply as "record on appeal page number" using the last numeral(s).

plead facts showing that the alleged sexual comments were a condition of his employment or that the environment was so intolerable that he felt compelled to resign. Finally, the District Court similarly dismissed Mr. Lanier's retaliation claim because Mr. Lanier failed to plead factual content alleging an adverse action.

Mr. Lanier is not challenging the District Court's ruling with respect to his constructive discharge and retaliation claims, thus, those claims have been abandoned. (Appellant's Br. 2, n.2). Accordingly, the focus of this appeal is the same-sex sexual harassment claims and the denial of the request to amend the Complaint.

The Complaint fails on numerous levels and was correctly dismissed with prejudice, as none of the claims are cognizable under well-established Supreme Court, Fifth Circuit, or Texas law, and the deficiencies could not be cured through amendment.

## SUMMARY OF THE ARGUMENT

Appellant's forfeiture of his constructive discharge and retaliation claims helps put the focus on workplace name-calling, which is the gravamen of this case. (Appellant's Br. 2, n.2). With so few facts to work with, Lanier could not adequately plead a claim for same-sex sexual harassment under either federal or Texas law; thus, the District Court properly granted Defendants' motion to dismiss. Appellants'

position requires this Court to shuck its precedents, disregard Supreme Court authority, and stretch existing caselaw farther than it can bear.

Appellant's same-sex sexual harassment claims do not have facial plausibility because he did not plead facts that allow this Court to draw the reasonable inference that the Defendants are liable for the misconduct alleged under applicable law. Specifically, Appellant's Title VII claims for same-sex sexual harassment failed at the first step because Appellant did not assert credible evidence that Defendant Wallace is homosexual, nor has Appellant alleged that the conduct was motivated by general hostility to males or that the harasser treated females better than males. Moreover, Appellant's allegations do not rise to the level of an actionable hostile work environment claim, because the alleged conduct was not sufficiently severe or pervasive and instead simply amounted to boorish locker room talk, which courts have repeatedly said does not entitle plaintiffs to relief. Lanier has grossly misrepresented the current state of hostile work environment jurisprudence, as neither *Muldrow* nor *Hamilton* stood in the way of a dismissal. Accordingly, Appellant's Title VII claims were properly dismissed.

In addition, the District Court did not err in exercising jurisdiction over Appellant's state law claims, as Fifth Circuit precedent establishes that claims under the TCHRA are analyzed under the same standard as Title VII claims. Notably, the "new Texas statute" Lanier mentions throughout his brief is actually the 2021

amendment to the TCHRA and is thus not as novel as he would have this Court believe. This case is in federal court not because Defendants removed it, but because Appellant *selected* federal court as his venue. Thus, his assertion that the District Court should not have exercised jurisdiction over his state law claims is without merit – particularly in light of Texas state courts' reliance on Title VII jurisprudence when analyzing TCHRA claims. Hence, the District Court correctly dismissed Mr. Lanier's state law claims as well.

Here, even affording Appellant the benefit of every favorable inference, his claims are woefully inadequate as a matter of law. Appellant's Complaint was properly dismissed because the allegations do not constitute actionable same-sex harassment.

Finally, the District Court did not abuse its discretion in denying Appellant's request to amend because he did not apprise the district court of any facts that he would plead in an amended complaint to cure the deficiencies, and he does not assert that new evidence has been discovered; thus, such an amendment would be futile and prejudicial to Defendants at this stage. Appellant had his opportunity to adequately plead his case and the district court's decision did not constitute an abuse of discretion.

Accordingly, we respectfully urge the Court to affirm the District Court's ruling in its entirety.

# ARGUMENT

## I. STANDARD OF REVIEW

This Court reviews dismissal under Rule 12(b)(6) de novo. *Doe v. Covington Cty. Sch. Dist*., 675 F. 3d 849, 854 (5th Cir. 2012). On a Rule 12(b)(6) motion, dismissal is warranted when the facts alleged fail "to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), or when "the complaint lacks an allegation regarding a required element necessary to obtain relief." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

A plausible claim for relief must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While its true that an employment discrimination complaint need not contain specific facts establishing a prima facie case under the *McDonnell Douglas* framework, the Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

## II. APPELLANT FAILED TO STATE A CLAIM FOR SAME-SEX SEXUAL HARASSMENT UNDER TITLE VII.

The Supreme Court recognized the possibility of a plaintiff raising a same-sex harassment claim in *Oncale v. Sundowner Offshore Svcs., Inc*., 523 U.S. 75 (1998). This Circuit has established a two-step process for evaluating same-sex harassment claims under Title VII. *Russell v. Univ. of Tex. of Permian Basin*, 234 F. App'x 195, 201 (5th Cir. 2007).

First, per *Oncale*, the employee must establish that the sexual harassment was "discrimination because of sex." *Id.* (citing *La Day v. Catalyst Tech., Inc.,* 302 F.3d 474, 478 (5th Cir. 2002)). To make such a claim, a plaintiff could show:

1) The harasser made explicit or implicit proposals of sexual activity and the harasser was homosexual (providing credible evidence); or

2) The harasser was motivated by general hostility to members of the same sex in the workplace; or

3) The harasser treated one sex worse than the opposite sex.

*Oncale,* 523 U.S. at 80-81 (paraphrasing). Second, if the employee establishes this link, then the court must decide whether the alleged conduct meets the applicable standards for either a *quid pro quo* or hostile work environment claim. *Id.*

In this case, Lanier's same-sex sexual harassment claims do not have facial plausibility because he did not plead factual content that allows this Court to draw the reasonable inference that the Defendants are liable for the misconduct alleged under applicable law. Indeed, this case is a direct assault on *Oncale's* warning that

it has not opened the door to litigate workplace talk. *Oncale*, 523 U.S. at 80-81.

Specifically, Appellant's Title VII claims for same-sex sexual harassment failed at

the first step because Appellant did not allege credible evidence that Captain Wallace

is homosexual, nor has Appellant alleged that the harasser treated females better than

males or that the conduct was motivated by general hostility to males. Accordingly,

the analysis ends there. But even moving on to the next step, Appellant's allegations

do not rise to the level of an actionable hostile work environment claim, because the

conduct was not sufficiently severe or pervasive and instead simply amounted to

distasteful teasing and name-calling, which would not entitle Lanier to relief under

applicable law. Thus, Appellant's Title VII claims were properly dismissed.

> **A. The Complaint did not allege credible evidence that Captain Wallace is homosexual or that his alleged comments were motivated by a sexual attraction to Appellant.**

As discussed in *Oncale*, as well as *EEOC v. Boh Bros. Const. Co., LLC*, 731

F.3d 444, 455 (5th Cir. 2013) (en banc), and numerous other same-sex cases, the

usual approach for a plaintiff to prove same-sex harassment is to show some

"credible evidence" that the harasser was homosexual and thus inferentially

interested in a sexual relationship. In *La Day*, the Fifth Circuit identified two types

of evidence that could serve as credible evidence of homosexuality: (1) evidence that

the harasser "intended to have some kind of sexual contact with the plaintiff rather

than to merely humiliate him for reasons unrelated to sexual interest" or (2) evidence

that the harasser "made same-sex sexual advances to others, especially to other employees." *La Day*, 302 F.3d at 480.

Specifically, in same-sex harassment cases, the Fifth Circuit has made a clear distinction between comments and conduct that is meant to humiliate or bully (not actionable) and comments and conduct that suggests that the harasser actually intended to have some kind of sexual contact with the plaintiff (may be actionable). *See, e.g., Love v. Motiva Enters., LLC*, 349 F. App'x 900, 902-03 (5th Cir. 2009) (holding that crude comments made by one female coworker to another – such as calling the plaintiff names and making comments about her body – *in addition to physical contact* – such as rubbing the plaintiff's back, running her fingers under the plaintiff's bra strap and her underwear near her hip, and locking plaintiff in a room, stating that she would not free the plaintiff unless she was nice and did favors for her – while offensive and inappropriate, did not support an inference of sexual attraction and implicit proposals for sex and therefore was more indicative of humiliating or bullying behavior rather than sexual harassment).

Here, Appellant has asserted absolutely no credible evidence that the crude and vulgar remarks allegedly made by Captain Wallace were implicit, genuine proposals for sexual activity, or that his comments were motivated by sexual interest. Further, Appellant did not allege that Captain Wallace made same-sex sexual advances to others. Instead, Appellant's Complaint describes circumstances in

which one heterosexual married man spoke in vulgar, taunting terms to another. Although Appellant attempts to salvage his same-sex harassment claim with unsubstantiated innuendo and speculation regarding inferences of Captain Wallace's "homosexual proclivities" (which were not mentioned in the Complaint) and by repeatedly using the provocative, yet unsupported descriptor "graphic" to describe the alleged comments [*see e.g.*, ROA.90, 91], Appellant has not pled facts sufficient to meet this element of his same-sex sexual harassment claim.

**B.**     **Appellant did not allege that Captain Wallace was motivated by a general hostility to males or that he treated males differently than females.**

This further category of same-sex harassment is referenced in *Oncale* and in this Court's *Boh Brothers* opinion as an illustration of what might serve as an "evidentiary path" for a plaintiff. *Oncale*, 523 U.S. at 80-81; *Boh Brothers*, 731 F.3d at 455. However, here, the Complaint does not assert any inbred hostility on the part of any Defendants towards males in the workforce, nor does it allege that the alleged comments were made to Appellant because of his sex. Indeed, the vast majority of employees in the Sheriff's Office are male, and the allegations are specific to Appellant and do not support that the Defendants harbored hostility towards males in general.

Further, case law suggest that another possible path to liability in these cases for a plaintiff would be to claim the defendants stereotyped him as a homosexual or

less- than stereotypically masculine. *See Boh Bros*., 731 F.3d at 455-460. This case, however, far from any alleged stereotyping, simply involves crass, inappropriate talk, and the Complaint does not allege this type of liability.

Accordingly, because Lanier failed to allege that he was subject to harassment because of his sex, his Complaint was properly dismissed.

C. **The alleged conduct does not rise to the level of actionable hostile work environment harassment because it was neither severe nor pervasive.**

To prove the existence of a hostile work environment, a plaintiff must demonstrate that the alleged harassment was severe or pervasive, meaning Appellant must show that the environment was both "'objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.'" *La Day*, 302 F.3d at 482 (*quoting Butler v. Ysleta Indep. Sch. Dist*., 161 F.3d 263, 269 (5th Cir. 1998)).

In order to determine whether an environment is sufficiently hostile or abusive, courts must look at "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998) (internal quotations omitted). The Supreme Court has cautioned that Title VII "does not prohibit 'genuine but innocuous difference in the ways men

and women routinely interact with members of the same sex and of the opposite sex.'" *Id*. at 788 (*quoting Oncale*, 523 U.S. at 81). "Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Id*. (internal quotations omitted).

> The real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed. Common sense, and an appropriate sensitivity to social context, will enable courts and juries to distinguish between simple teasing or roughhousing among members of the same sex, and conduct which a reasonable person in the plaintiff's position would find severely hostile or abusive.

*Oncale*, 523 U.S. at 81-82. These standards are meant to be sufficiently demanding to ensure that Title VII does not become a "general civility code" and, when properly applied, they will filter out complaints attacking "the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." *Faragher*, 524 U.S. at 788.

Here, despite his conclusory contention that "[t]he allegations pled are evidence of severe or pervasive comments that created a sexually harassive environment[,]" Appellant has failed to adduce any facts to support that assertion. Unlike the cases cited by Appellant – such as *La Day* and *Russell* – which involve

allegations of physical touching and/or evocative physical manifestations of sexual desire *in addition to* verbal comments, here, Appellant's claims center around lewd comments and name-calling alone. Although the comments attributed to Defendant Wallace in the Complaint are arguably boorish and offensive, they simply do not rise to the level of "severe or pervasive" sufficient to warrant relief – particularly considering the context and dynamics at play.

For example, the Fifth Circuit's decision in *Russell v. Univ. of Tex. of Permian Basin* (cited by Appellant), demonstrates how woefully insufficient Appellant's allegations are under Title VII. 234 F. App'x 195, 205 (5th Cir. 2007). In *Russell*, this Court upheld summary judgment against a same-sex sexual harassment claim under a hostile work environment theory based on lack of severity and pervasiveness when the female defendant had rubbed the inside of the female plaintiff's hand and thigh; twice intimated that she wanted to move to New York with plaintiff; stated that she would like to watch a movie in bed with plaintiff; and called plaintiff "honey" or "babe" on numerous occasions. *Id.* (relying on *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 327–28 (5th Cir. 2004), (opposite sex denying a hostile work environment claim despite much more severe incidents.)

Here, the allegations were not implicit proposals for sex and are far weaker than those in *Love*, *Russell*, and *Hockman.* Appellant's allegations that Captain

Wallace called him names and made crude jokes unquestionably lack the requisite severity to support a hostile work environment claim.

Likewise, Appellant's allegations failed to meet the pervasiveness threshold because his vague assertion that the comments were "repeated" is not enough to demonstrate that the alleged harassment was in fact pervasive. *See Love*, 349 F. App'x at 902-03 (holding alleged sexual harassment was not pervasive where the Appellant presented proof of at least twenty incidents of alleged sexual harassment.).

Moreover, the Complaint alleges the duration of the harassment was 18 months. ROA.7, ¶ 7. Hence, the harassment allegedly started in July 2020. Yet, the Complaint states that Mr. Lanier did not complain to Wise County about sexual harassment until January 4, 2022. ROA.7, ¶ 8.[2] Thus, for essentially the entire 18 months of the alleged harassment – which had to be so objectively and subjectively offensive as to alter the conditions of his employment to be actionable – Appellant said nothing. *See Shepherd*, 168 F.3d at 874; *Oncale*, 523 U.S. at 81. This deficiency in Appellant's claims demonstrates that Captain Wallace's alleged conduct could not possibly be considered severe or pervasive enough to create a sufficiently hostile environment as required by *Oncale*.

---

[2] It is extraordinarily relevant that Lanier did not complain to anyone about Captain Wallace's behavior until Wise County opened an internal investigation involving his performance.

Thus, the sexual harassment alleged by Appellant was neither severe nor pervasive, and Appellant was unable to make a case for hostile work environment based on the facts pled. Accordingly, the District Court correctly dismissed Mr. Lanier's sexual harassment claims.

### D. Appellant completely misapprehends the recent case law upon which he relies.

Appellant's reliance on *Muldrow v. City of St. Louis, MO.*, 144 S. Ct. 967, 974 (2024) and *Hamilton v. Dallas Cnty.*, 79 F.4th 494 (5th Cir. 2023) is misplaced. (Appellant's Br. 11-15). These cases simply do not stand for the propositions that Appellant asserts.

First and foremost, *Muldrow* is not a sexual harassment case nor is it a constructive discharge or retaliation case. Instead, it is a pure discrimination case in which a female employee claimed that her transfer to a different department was the result of gender discrimination. Accordingly, *Muldrow* does not alter (or even discuss) the "severe or pervasive" standard with respect to hostile work environment sexual harassment claims.

In *Muldrow*, the plaintiff, Sergeant Jatonya Clayborn Muldrow, maintained that her employer, the St. Louis Police Department, transferred her from one job to another because she is a woman. While the plaintiff's rank and pay remained the same in the new position, her responsibilities, perks, and schedule did not. The plaintiff brought a Title VII suit to challenge the transfer, alleging that the City, in

ousting her from the Intelligence Division, had "discriminate[d] against" her based on sex "with respect to" the "terms [or] conditions" of her employment. 42 U. S. C. § 2000e–2(a)(1). The issue in *Muldrow* was whether the plaintiff's transfer rose to the level of actionable discrimination.

The Court held that it did, reasoning that an employee challenging a job transfer under Title VII must show that the transfer brought about some harm with respect to an identifiable term or condition of employment, but that harm need not be "significant" or otherwise exceed some heightened bar. Importantly, the Court contrasted discrimination cases from retaliation cases, where a heightened standard is appropriate. The Court acknowledged that Title VII's anti-retaliation provision is different from the discrimination provision and applies only when the retaliatory action is "materially adverse," meaning that it causes "significant" harm.

Here, other than his alleged constructive discharge and retaliation (claims which he has since abandoned) Appellant identifies no other examples of an adverse action or how the conditions of his employment were altered due to his sex (for example, he does not allege that he was transferred to a different position, disciplined, placed on a performance plan, etc.). Instead, Appellant seems to claim that the only negative repercussions he experienced as a result of the harassment that changed his working conditions was experiencing the sexual harassment itself. *See* Appellant's Br. 25.

"A court would be hard pressed to find a discriminatory act which alters the conditions under which an employee works more than subjecting the employee to sexual harassment. There can be no doubt that an employee who goes to a workplace only to face sexual harassment in the workplace is 'worse off' due to the sexual harassment and labors under working conditions altered by the sexual harassment."

This attempt to conflate the elements of a discrimination claim with the unique elements of a hostile work environment sexual harassment claim is simply wrong.

In fact, the Northern District of Texas has already rejected the argument that *Muldrow* alters the requirements of a hostile work environment claim or lowers the level of harassment a plaintiff needs to show. *See Zuniga v. City of Dallas, Tex.*, No. 3:23-cv-2308-D, 2024 WL 2734956, at *7, n.3, (N.D. Tex. May 28, 2024) (Fitzwater, J.). In *Zuniga*, the plaintiff, like Lanier, asserted hostile work environment/sex discrimination and retaliation claims resulting in constructive discharge under Title VII and argued that *Muldrow* applied to her hostile work environment claim under Title VII. The Court disagreed:

[Plaintiff] contends that *Muldrow* applies to her hostile work environment claim, lowering the level of harassment she needs to show to make out the claim. The court disagrees. The Supreme Court has defined the requirements of a hostile work environment claim over the course of many years, making clear the high bar that plaintiffs must meet to make out this claim. There is no suggestion in *Muldrow* that the Supreme Court intended to alter these requirements. This court will therefore continue to apply the standards for a hostile work environment claim that have long been in effect.

*Id.* (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993)).

Reliance on *Hamilton* is also misplaced. It was not a sexual harassment case, and *did not* alter the requirements of a hostile work environment claim. *Hamilton v. Dallas Cnty.*, 79 F.4th 494 (5th Cir. 2023). In fact, *Hamilton* specifically acknowledged the severe or pervasive requirement inherent in such claims. *Id.* at 503. ("Indeed, the Court has held that even a discriminatory and hostile work environment—*when sufficiently severe or pervasive*—can rise to the level of altering the terms, conditions, or privileges of employment for Title VII purposes.") (emphasis added).

Thus, Lanier's Hail Mary attempt falls far short of the goal line. He cannot score with either *Muldrow* or *Hamilton*.

## III.   APPELLANT FAILED TO STATE A CLAIM FOR SEXUAL HARASSMENT UNDER STATE LAW AND THE DISTRICT COURT PROPERLY EXERCISED JURISDICTION.

Appellant's TCHRA claims fare no better than his Title VII claims. First, despite referring to a "new" Texas sexual harassment statute over 20 times throughout his brief, the law is not in fact "new" and is actually the 2021 amendment to the TCHRA.

The TCHRA is modeled on the federal statute and provides two causes of action for workplace sexual harassment. First, under § 21.051, a plaintiff can allege that their employer engaged in sex discrimination so pervasive that it constituted

sexual harassment and created a hostile work environment. *See* Tex. Lab. Code Ann. § 21.051; *Lauderdale v. Tex. Dep't of Crim. Just., Institutional Div.*, 512 F.3d 157, 162-63 (5th Cir. 2007). Second, under § 21.142, which was enacted in 2021, a plaintiff can assert that their employer failed to remedy known sexual harassment. *See* Tex. Lab. Code Ann. § 21.142. The Complaint [ROA.6-11] presents a claim under Section 21.051 against Defendants Wise County and Sheriff Akin and a claim under Sections 21.141[3] and 21.051 against Defendant Wallace. Each claim was properly dismissed because it failed to state a claim upon which relief may be granted.

### A.    The District Court did not err by exercising jurisdiction over Appellant's state law claims.

The Supreme Court of Texas has said that "[b]ecause one of the purposes of the TCHRA is to provide for the execution of the policies of Title VII ... we have consistently held that those analogous federal statutes and the cases interpreting them guide our reading of the TCHRA." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012) (internal quotations omitted); *see also Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771 (Tex. 2018) ("The Texas Legislature modeled [Texas law] on Title VII."). In fact, as recently as December 2024, a district court in Texas reasserted that "[c]ircuit precedent establishes that claims under the [TCHRA]

---

[3] Section 21.141 does not include a cause of action and instead provides definitions for words used in Section 21.142.

are analyzed under the same standard as Title VII claims." *See Auston v. Khiluv Logistics, LLC*, No. H-23-03060, 2024 WL 5047881, at *5 (S.D. Tex. Dec. 8, 2024) (Rosenthal, J.) (citing *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012) (citations omitted); *see also Husak v. Scott*, No. 3:22-CV-02729-E, 2023 WL 6340016, at *5 (N.D. Tex. Sept. 28, 2023) (Brown, J.) *(quoting Shackelford v. Deloitte & Touche*, LLP, 190 F.3d 398, 404 at n.2 (5th Cir. 1999) ("[T]he law governing claims under the TCHRA and Title VII is identical.").

Notably, unlike in many of the cases cited by Appellant, this case is in federal court not because Defendants removed it, but because he *chose* to file the case in the Northern District of Texas. Thus, the assertion that the District Court should not have exercised jurisdiction over his state law claims is rather ludicrous, particularly given that Texas state courts rely on Title VII jurisprudence when analyzing TCHRA claims. Even more importantly, Lanier provides absolutely no support for his claim that the text of § 21.141(2) is "arguably [] broader in its protection and reveals a lower threshold to establish sexual harassment."

With all this in mind, the District Court did not err in exercising jurisdiction over the state law claims, and the District Court correctly concluded that Appellant's TCHRA claims failed for the same reasons his Title VII claims failed. Nevertheless, we will go into detail as to why each state law claim was properly dismissed.

**B.      The District Court properly dismissed the § 21.051 claim against Wise County and Sheriff Akin.**

This Court and Texas state courts have rejected claims involving much more egregious and offensive behavior which was alleged to create a hostile work environment under the TCHRA.[4]  *See e.g., Alamo Heights Indep. Sch. Dist.,* 544 S.W.3d at 773-775 (rejecting a same-sex case involving females because there was no evidence the female coach's harassment was motivated by sexual desire, even though the allegations involved comments about the other's breasts and buttocks, and physically grabbing the other female); *see also City of San Antonio v. Cancel,* 261 S.W.3d 778, 786 (Tex. App.–Amarillo, 2008, pet. denied) (alleged same-sex harassment included ill-mannered and offensive remarks, but not severe enough to

---

[4] *See also, e.g., Gibson v. Potter*, 264 F. App'x 397, 398 (5th Cir. 2008) (per curiam) (supervisor "grabbed [the plaintiff] on the buttocks and made suggestive comments" while she conversed with another employee); *Hockman*, 407 F.3d at 321–22 (supervisor made sexually suggestive remarks to plaintiff, repeatedly insisted that she be alone with him, remarked on another employee's body, brushed up against plaintiff's breasts and behind, once tried to kiss her, once stood in bathroom doorway while plaintiff was present, and once swatted plaintiff's behind with newspaper); *Shepherd v. Comptroller of Pub. Accts. of State of Tex.*, 168 F.3d 871, 872 (5th Cir. 1999) (coworker touched plaintiff's arm several times, rubbed arm down to her wrist, simulated looking up her dress, tried to look down her clothing, and made sexually suggestive comments that included referring to color of her nipples and size of her thighs); *Staller v. Serv. Corp. Int'l*, No. 04-06-00212-CV, 2006 WL 3018039, at *5 (Tex. App.—San Antonio Oct. 25, 2006, no pet.) (mem. op.) (supervisor made sexually inappropriate remarks, made comments about the size of her breasts, stood over her at her desk and attempted to look down her shirt, and came toward her in menacing fashion as if to grab her in a sexual manner); *Green v. Indus. Specialty Contractors, Inc.*, 1 S.W.3d 126, 129 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (supervisor made numerous sexual comments, including expressing desire to hold "a wet T-shirt contest" with plaintiff as contestant); *Garcia v. Schwab*, 967 S.W.2d 883, 885 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.) (supervisor stared at and commented on plaintiff's breasts, touched his genitals in front of plaintiff, discussed highly personal and sexual matters with plaintiff, remarked on plaintiff's appearance, repeatedly made sexual references, and insulted and yelled at plaintiff).

constitute harassment.). Here, Plaintiff does not allege any sexual advances or physical touch occurred – sexual or otherwise. Instead, he simply claims that Captain Wallace used ill-advised language and called him taunting names.

Further, a plaintiff can assert a § 21.051 sexual harassment claim only against an institutional employer, not against a defendant in his individual capacity. *See Williams v. Merck & Co.*, 381 F. App'x 438, 440 (5th Cir. 2010) (per curiam); *Winters v. Chubb & Son, Inc.*, 132 S.W.3d 568, 580 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Because Sheriff Akin cannot be held liable under § 21.051 in his individual capacity, he was properly dismissed. *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001) (holding that supervisors and managers are not considered employers under § 21.051 and therefore are not individually liable). Indeed, based on the allegations asserted in the Complaint, Appellant did not adequately plead a claim under § 21.051 against Wise County or Sheriff Akin, and thus, this claim was properly dismissed.

## C. The District Court properly dismissed the State claims against Defendant Wallace.

Sections 21.141 and 21.142 were added to the TCHRA in 2021 and apply to conduct alleged to have occurred on or after September 1, 2021. *See* Act of May 14, 2021, 87th Leg., R.S., ch. 172, §§ 2-3, 2021 Tex. Gen. Laws 176. Section 21.141 contains definitions. It must be read in conjunction with § 21.142. The elements of a Section 21.142 claim (which are not particularly unique) are that (1) the plaintiff

experienced sexual harassment, **and** (2) the employer or the employer's agents or supervisors (a) knew or should have known that the conduct constituting sexual harassment was occurring and (b) failed to take immediate and appropriate corrective action. Tex. Lab. Code Ann. § 21.142.

For purposes of a § 21.142 claim, "sexual harassment" means:

> an unwelcome sexual advance, a request for a sexual favor, or any other verbal or physical conduct of a sexual nature if: (A) submission to the advance, request, or conduct is made a term or condition of an individual's employment, either explicitly or implicitly; (B) submission to or rejection of the advance, request, or conduct by an individual is used as the basis for a decision affecting the individual's employment; (C) the advance, request, or conduct has the purpose or effect of unreasonably interfering with an individual's work performance; or (D) the advance, request, or conduct has the purpose or effect of creating an intimidating, hostile, or offensive working environment.

*Id.* § 21.141(2). Notably, even after the 2021 amendment, "not all offensive and inappropriate conduct is actionable under the TCHRA." *City of Houston v. Carter*, No. 01-22-00453-CV, 2023 WL 3632788, at *11 (Tex. App.—Houston [1st Dist.] May 25, 2023, no pet.) (analyzing the TCHRA post-amendment).

While we acknowledge that there is little case law specifically interpreting § 21.142 (or analyzing claims brought thereunder), the facts pled by the Appellant are so lacking on their face that the district court was correct in dismissing the Complaint. To start, subsections (A) and (B) above do not apply to this case. Further,

Lanier did not plead any facts to show that the alleged conduct unreasonably interfered with his work performance, particularly considering he is no longer claiming constructive discharge. In addition, the alleged conduct was directed solely at Lanier, and he did not plead facts sufficient to support a claim that the entire working environment was intimidating, hostile, or offensive. Appellant's threadbare use of the relevant buzzwords in his Complaint is not sufficient to form a cognizable claim, *Twombly*, 550 U.S. at 555, and Appellant's attempt to interpret § 21.141 as a general civility code flies in the face of relevant precedent.

Moreover, it is not enough to plead that the plaintiff experienced sexual harassment (as defined under § 21.141). Instead, the plaintiff must also allege that the defendant – in this case Captain Wallace – knew or should have known that the conduct constituting sexual harassment was occurring and failed to take immediate and appropriate corrective action. Here, in the Complaint, Captain Wallace is painted as the alleged harasser, not the individual to whom Lanier allegedly reported the harassment. In any event, Wise County did take immediate and appropriate corrective action by investigating the complaint, [ROA.7,¶10] but Lanier resigned as the complaint was being addressed.[5] Accordingly, Appellant did not plead facts

---

[5] The Complaint claims "Defendants failed to take 'appropriate' action" – not that Wallace's language was ignored. ROA.7,¶11.

sufficient to form the basis of a § 21.142 claim against Captain Wallace, and thus, this claim was properly dismissed.

## IV. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING MR. LANIER'S REQUEST TO AMEND HIS COMPLAINT.

Circuit courts review the denial of leave to amend for an abuse of discretion. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003). Here, the District Court did not abuse its discretion in denying the motion. Leave may be denied where, as here, the movant insisted his Complaint suffced to state a claim but "fail[ed] to apprise the district court of the facts that he would plead in an amended complaint, if necessary, to cure any deficiencies." *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (quoting *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010)).

The Appellant's Response brief in the district court included a *pro forma* request to be allowed to amend his Complaint "if the Court determines that his pleadings are deficient in any was [sic]." ROA.94. He does not suggest there are additional facts or arguments to bring to bear. Indeed, after the Court granted his request to be allowed to file a Sur-Reply, no new arguments emerged. ROA.232.

In fact, it was far too late to amend as a matter of course and no consent nor order was sought by the Appellant. *See* Fed. R. Civ. P. 15(a)(1)(B) and (2). Thus, the Court properly denied Appellant's "general request for leave to amend." ROA.232. This decision did not constitute an abuse of discretion. *Winzer v. Kaufman*

*Co.*, 916 F.3d, 464, 471 (5th Cir. 2019); *and see Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013); *Green v. the City of Texas City*, No. 21-40727, 2022 WL 965053, at *2 (5th Cir. Mar. 30, 2022) (per curiam, unpublished).

In any event, "leave to amend under Fed. R. Civ. P. 15 is by no means automatic." *Goldstein v. MCI WorldCom,* 340 F.3d 238, 254 (5th Cir. 2003). Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment. *See Rosenblatt v. United Way of Greater Houston,* 607 F.3d 413, 419 (5th Cir. 2010) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962)).

Here, amendment would be futile because Appellant's Complaint is deficient in ways that cannot be cured through amendment; there is no viable avenue to recover based on the underlying facts. Appellant simply seeks another bite at the apple so he can rewrite his Complaint to frame the allegations in a more compelling way. But, allowing amendment at this stage would be prejudicial to Defendants as well as a waste of scarce judicial resources. Accordingly, the district court properly denied the motion for leave to amend.

## CONCLUSION AND PRAYER

For the foregoing reasons, Appellees respectfully request that this Court:

(1)    Affirm the district court's grant of their Motion to Dismiss; and

(2)   Award them all other appropriate relief to which they are entitled at

law or in equity.

                        Respectfully submitted,

                        SQUIRE PATTON BOGGS (US) LLP

                        *s/ S. Cass Weiland*
                        S. Cass Weiland
                        Texas State Bar No. 21081300
                        Melissa Legault
                        Arizona State Bar No. 034775
                        2200 Ross Ave., Ste. 4100W
                        Dallas, Texas 75201
                        Ph: (214) 758-1504
                        Fax: (214) 758-1550
                        cass.weiland@squirepb.com
                        melissa.legault@squirepb.com

                        *Counsel for Appellees*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on February 19, 2025, the undersigned e-filed the foregoing and served it on the following counsel of record through the Fifth Circuit's CM/ECF site:

Jason Smith, Esq.
Law Office of Jason Smith
612 Eighth Avenue
Fort Worth, TX 76104
(817) 334-0880
jasons@letsgotocourt.com

*s/ S. Cass Weiland*
S. Cass Weiland
*Counsel for Appellees*

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) because:

This brief contains 5,815 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because:

This brief has been prepared in a proportionally-spaced typeface using Microsoft Word 2016 in the typestyles, *Times New Roman*, 14-point, and *Times New Roman*, 12-point (footnotes only) in size.

*s/ S. Cass Weiland*
S. Cass Weiland
*Counsel for Appellee*