Case No. 24-10962

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

CHAD LEWIS LANIER,

Plaintiff - Appellant,

vs.

WISE COUNTY; LANE AKIN, WISE COUNTY SHERIFF; WES WALLACE,

Defendants – Appellees.

_____

Appeal from the United States District Court
Northern District of Texas, Fort Worth Division
Civil Action No. 4:23-CV-1241

_____

**REPLY BRIEF OF APPELLANT CHAD LEWIS LANIER**

_____

                                      JASON SMITH
                                      State Bar No. 00784999
                                      LAW OFFICES OF JASON SMITH
                                      612 Eighth Avenue
                                      Fort Worth, Texas 76104
                                      (817) 334-0880 telephone
                                      (817) 334-0898 telecopier
                                      e-mail: jasons@letsgotocourt.com
                                      service email: courtfiling@letsgotocourt.com
MARCH 12, 2025                  ATTORNEYS FOR APPELLANT
                                      CHAD LEWIS LANIER

                                                      ORAL ARGUMENT REQUESTED

## TABLE OF CONTENTS

**PAGE:**

TABLE OF CONTENTS ................................................................................... i

TABLE OF AUTHORITIES ........................................................................... ii

I. LANIER'S PLEADING SUFFICIENT TO ESTABLISH SEXUAL HARASSMENT CLAIM UNDER TITLE VII ...................................................... 1

II. NEW TEXAS SEXUAL HARASSMENT STATUTE DIFFERS FROM TITLE VII STANDARD, PROVIDING BROADER PROTECTION ............... 5

III. CONCLUSION AND PRAYER ................................................................. 8

CERTIFICATE OF SERVICE ........................................................................ 9

CERTIFICATE OF COMPLIANCE ............................................................ 10

# TABLE OF AUTHORITIES

## CASES

*Abbt v. City of Houston*,
    28 F.4th 601 (5th Cir. 2022)..........................................................................7
*Cicalese v. Univ. of Tex. Med. Branch*,
    924 F.3d 762 (5th Cir. 2019)..........................................................................1
*Conley v. Gibson,*
    355 U.S. 41, 78 S.Ct. 99 (1957).....................................................................2
*Guadalajara v. Honeywell Int'l, Inc.,*
    224 F. Supp. 3d 488 (W.D. Tex. 2016)..........................................................3
*Harris v. Forklift Sys., Inc.*,
    510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)....................................3
*Hishon v. King & Spalding,*
    467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)......................................1
*In re K.L.V.,*
    109 S.W.3d 61 (Tex. App.—Fort Worth 2003, pet. denied) .........................6
*Johnson v. PRIDE Indus., Inc.,*
    7 F.4th 392 (5th Cir. 2021).........................................................................2, 3
*Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rough Par.*,
    373 F. App'x 438 (5th Cir. 2010) ..................................................................7
*Oncale v. Sundowner Offshore Servs., Inc.*,
    523 U.S. 75 (1998) .........................................................................................6
*Prairie View A & M Univ. v. Chatha*,
    381 S.W.3d 500 (Tex. 2012) ..........................................................................5
*Swierkiewicz v. Sorema N. A.,*
    534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)................................1, 2
*Wallace v. Performance Contractors, Inc.*,
    57 F.4th 209 (5th Cir. 2023)...........................................................................2
*Waltman v. Int'l Paper Co.*,
    875 F.2d 468 (5th Cir. 1989).........................................................................3

## STATUTES

28 U.S.C. § 1367........................................................................................7
29 U.S.C. § 631(c) .....................................................................................5
Fed. R. App. P. 32(a)(5)...........................................................................10
Fed. R. App. P. 32(a)(6)...........................................................................10
Fed. R. App. P. 32(a)(7)(B) .....................................................................10
Fed. R. App. P. 32(a)(7)(B)(iii) ...............................................................10

TEX. LAB. CODE § 21.101 ...........................................................................5
TEX. LAB. CODE § 21.141 ...........................................................................6
 TEX. LAB. CODE § 21.141(2) ..................................................................6, 7

# I.

## LANIER'S PLEADING SUFFICIENT TO ESTABLISH SEXUAL HARASSMENT CLAIM UNDER TITLE VII

In the Appellee Brief, Defendants keep challenging evidence, such as asserting there is not credible "evidence that Captain Wallace is homosexual." (Appellee's Brief p. 8). But a 12(b)(6) motion to dismiss does not challenge the evidence, instead, it only challenges whether the pleadings provide notice of his claims under Rule 8s liberal notice pleading standard. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (citations omitted).

The U.S. Supreme Court has rejected requiring pleading of a *prima facie* case in unlawful discrimination cases. In *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 510, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), the Supreme Court emphasized there was no heightened pleading requirement for Title VII claims. "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998–99, 152 L. Ed. 2d 1 (2002)(holding Title VII claims not subjected to heightened pleading requirements) *citing Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). "If a pleading fails to specify the allegations in a manner that provides sufficient notice,

a defendant can move for a more definite statement under Rule 12(e) before responding." *Id*. "Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56." *Id*. "The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." *Id*. citing *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the

As the Supreme Court underscored in *Swierkiewicz v. Sorema,* Defendants can challenge the sufficiency of Lanier's evidence on summary judgment. At this stage, the question is whether Lanier's pleading gave Defendants Wise County and Akin fair notice of his sexual harassment claim.

Under Title VII, a "hostile work environment exists when a workplace is 'permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment.'" *Wallace v. Performance Contractors, Inc.*, 57 F.4th 209, 222 (5th Cir. 2023) citing *Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 399 (5th Cir. 2021)(quotation omitted). "Harassment is 'severe or pervasive enough' when (1) a reasonable person in the plaintiff's position would find it hostile or abusive, and (2) the plaintiff subjectively perceived the

harassment as abusive." *Id.* at 400. "The objective element is determined based on all the facts and considers factors (each independently non-dispositive) such as: 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). The plaintiff "need only show that the harassment was severe *or* pervasive, not both." *Guadalajara v. Honeywell Int'l, Inc.*, 224 F. Supp. 3d 488 at 501 (W.D. Tex. 2016) (citing *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 477 (5th Cir. 1989)).

The District Court in its opinion dismisses Captain Wallace's repeated explicit comments about gay sex as locker room talk. With all due respect, Captain Wallace's comments are far more likely to be heard in a gay bar after work hours rather than a locker room or a workplace.

Lanier pled "[o]ver an eighteen month period, Lanier was subjected to repeated, explicit and unwanted sexual comments from his supervisor Defendant Wes Wallace who as a Captain and one of Lanier's supervisors on a continuous basis." ROA.7. Examples include Defendant Wallace repeatedly telling Lanier to perform oral sex on Chief Deputy Craig Johnson to get him in a better mood,

repeated calling Lanier a "cum guzzler," referring to Lanier as his lover and other unwanted sexual comments. ROA.7.

Lanier further pled: "Plaintiff would show that the actions of the Defendants and its agents described above were sexually offensive, unwelcomed, and altered the terms and conditions of the workplace, creating a sexually hostile work environment." ROA.7.

Lanier's pleading gives Defendants fair notice of his sexual harassment claim under Title VII. Captain Wallace's repeated graphic sexual comments detailing sexual acts, directing Lanier to engage in oral sex, and referring to Lanier as a "cum guzzler" recounting facts that are both objectively and subjectively abusive. Lanier plead that these graphic unwanted sexual comments were stated "repeatedly" and "on a continuous basis." Such comments were severe, humiliating and altered the terms and conditions of the workplace creating a sexually hostile environment. ROA.7.

Thus, Lanier's pleading easily meets the fair notice standard for a sexual harassment claim under Title VII.

## II.

## NEW TEXAS SEXUAL HARASSMENT STATUTE DIFFERS FROM TITLE VII STANDARD, PROVIDING BROADER PROTECTION

Defendants assert that sexual harassment claims under the new Texas sexual harassment statute should be interpreted by applying analogous old federal cases. (Appellees Brief p. 19). However, when, as presented here, the federal and Texas statutory language differs, there are no analogous federal cases for that particular state law provision.

For instance, when the Texas Legislature has chosen to use different language than Title VII or the ADEA, Texas Courts have refused to follow analogous federal court cases when the Texas statute has different statutory language that Title VII. *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 507 (Tex. 2012)(Although "the TCHRA and Title VII were previously analogous regarding when an unlawful employment practice occurs, after the Ledbetter Act, this is no longer true where pay discrimination complaints are concerned").

In another example of differing language between federal and Texas discrimination laws, the Federal Age Discrimination in Employment Act disallows the protection for age discrimination for certain "bona fide executives or high policy makers" who reach the age of 65, however, Texas law has no such limitation. Compare 29 U.S.C. § 631(c) with Tex. Lab. Code § 21.101.

When the statutory language differs between federal and Texas discrimination statutes, there are no analogous cases. The Texas statutory language governs.

In sections 21.141, the Texas Legislature chose to use different language than Title VII providing a broader definition of sexual harassment. TEX. LAB. CODE § 21.141. "[E]very word of a statute is presumed to have been used for a purpose, and the cardinal rule of statutory construction requires that each sentence, clause, phrase, and word be given effect if reasonably possible." *In re K.L.V.,* 109 S.W.3d 61, 65 (Tex. App.—Fort Worth 2003, pet. denied).

The new Texas sexual harassment law contains extensive precise language setting forth an exhaustive list of the types of harassment prohibited. For instance, while under Title VII a victim of sexual harassment by verbal comments must always prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted "*discrimina[tion]* ... because of ... sex" *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75 (1998), the new Texas statute prohibits all "verbal conduct of a sexual nature" that creates a hostile, intimidating or offensive environment without a showing that such conduct was because of sex and regardless of the sex of the harasser or the victim. TEX. LAB. CODE § 21.141(2). By expressly adding this language prohibiting "verbal conduct of a sexual nature," it is clear the Texas Legislature wanted to prohibit all

comments of a sexual nature without reference to whether the comments are made by someone of the same sex or the opposite sex, and regardless of whether the comments were made because of sex.

Another difference between Title VII and the language of the new Texas sexual harassment statute, while under Title VII an employee must show that sexual comments were objectively and subjectively offensive, *Abbt v. City of Houston*, 28 F.4th 601, 607 (5th Cir. 2022), whereas under the new Texas sexual harassment an employee must merely show that the "verbal conduct of a sexual nature" had the mere effect of creating a hostile, intimidating or offensive environment. TEX. LAB. CODE § 21.141(2).

Thus, if the Court holds that Lanier's sexual harassment claim is not sufficient under Title VII, then the new Texas sexual harassment statute clearly presents a "novel and complex issue of state law" compelling federal courts from refraining from exercising jurisdiction and dismissing without prejudice. 28 U.S.C. § 1367; *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rough Par.*, 373 F. App'x 438, 442 (5th Cir. 2010)(Refraining from exercising jurisdiction over novel state law claims after court dismissed federal claims on summary judgment).

If the Court determines that jurisdiction should be exercised over Lanier's state law claim, then the Court should hold that the new Texas sexual harassment law provides broader protection and Lanier's pleadings meet that standard.

## III.

## CONCLUSION AND PRAYER

Accordingly, Lanier prays that the Court reverse the District Court's dismissal of his Title VII and Texas law claim alleging same sex sexual harassment.

Alternatively, if the Court dismisses Title VII claims, Lanier prays that the Court hold that the District Court should not have exercised jurisdiction over merits of Lanier's state law claims as they presented novel issues of state law and because it dismissed all claims over which it had original jurisdiction and, instead, Lanier's state law claims should be dismissed for want of jurisdiction so that Lanier may refiled his state law claims in state court.

If the Court determines that the District Court properly reached Lanier's state law claims of sexual harassment under the new Texas sexual harassment statute, Lanier prays that this Court hold that Lanier pled sufficient facts to establish a sexual harassment claim under the new Texas statute.

Finally, if the Court determines that Lanier failed to plead sufficient facts to establish either his federal or state claims, then Lanier prays that the Court remand the case to District Court to allow Lanier an opportunity to amend his pleadings.

Respectfully submitted,

/s/ JASON SMITH
JASON SMITH
State Bar No. 00784999
LAW OFFICES OF JASON SMITH
612 Eighth Avenue
Fort Worth, Texas 76104
(817) 334-0880 telephone
(817) 334-0898 telecopier
e-mail: jasons@letsgotocourt.com
service email: courtfiling@letsgotocourt.com
ATTORNEYS FOR APPELLANT
CHAD LEWIS LANIER

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2025, I electronically filed the foregoing document with the clerk for the Court for the Fifth Circuit Court of Appeals, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means and pursuant to the Appellate Rules of Civil Procedure.

/s/ JASON SMITH
JASON SMITH
State Bar No. 00784999
LAW OFFICES OF JASON SMITH
612 Eighth Avenue
Fort Worth, Texas 76104
(817) 334-0880 telephone
(817) 334-0898 telecopier

e-mail: jasons@letsgotocourt.com
service email: courtfiling@letsgotocourt.com
ATTORNEYS FOR APPELLANT
CHAD LEWIS LANIER

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 1,723 words, excluding the parts exempted from brief requirements under Fed. R. App. P. 32(a)(7)(B)(iii). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Mac 2025 Version 16.93 in 14-point Times New Roman typeface.

Dated: March 12, 2025.

/s/ JASON SMITH
JASON SMITH
State Bar No. 00784999
LAW OFFICES OF JASON SMITH
612 Eighth Avenue
Fort Worth, Texas 76104
(817) 334-0880 telephone
(817) 334-0898 telecopier
e-mail: jasons@letsgotocourt.com
service email: courtfiling@letsgotocourt.com
ATTORNEYS FOR APPELLANT
CHAD LEWIS LANIER